Davidson v. Hobson.

EDWARD M. DAVIDSON, Respondent, v. WM. J. HOBSON, Appellant.

**Kansas City Court of Appeals, November 5, 1894.**

1. **Corporations:** FRAUDULENT CHARTER: PARTNERSHIP. A corporation which has been procured by a legal fraud has no rightful existence; and the promoters and members thereof assuming to carry on business under its corporate name are no more than partners.

2. **Deceit:** PRE-EXISTING AND FUTURE FACTS: PLEADINGS: INSTRUCTIONS: EVIDENCE. Deceit will not lie for representations as to future facts, but such facts may be eliminated from a petition which has then left a sufficiency of false representations as to pre-existing facts upon which to found the action; but the instruction should confine the jury to a consideration of the evidence of existing facts alone which are well pleaded in the petition; and no evidence of representations as to future purposes or intentions should be admitted though alleged in the petition.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*Huston & Parrish* and *H. K. White* for appellant.

(1) The objection made to the introduction of any evidence should have been sustained. Although the petition alleges that defendant made many false representations, none of these as to past transactions or existing facts were ruled upon by plaintiff. He relied solely upon the representation that the Steel Car Company would erect and operate its plant in the manufacture of steel cars as represented and that this would enhance the value of the remainder of his land. Cooley on Torts [1 Ed.], 474; 8 Am. and Eng. Encyclopedia, 636; 3 Sutherland on Damages, 584; *Parker v. Marquis*, 64 Mo. 38; *Smith v. Dye*, 88 Mo. 581; *Smith v. Dye*, 15 Mo. App. 585; *Finley v. Bryson*, 84 Mo. 664, *loc. cit.* 668; *Saunders v. McClintock*, 46 Mo. App. 216; *James v. Clough*, 25 Mo. App. 147; *Voorhies v. Smith Co. Works*, 11 Mo. App. 108. (2) Defendant's instruction asked in his own behalf should have been given and no instruction given in behalf of plaintiff. *Charles v. Patch*, 87 Mo. 450; *Wilson v. Board of Education*, 63 Mo. 137. (3) Respondent's second instruction was misleading and presented issues not raised on the pleadings and not authorized by the evidence. The court gave but this one instruction defining the issues. It should, therefore, have embraced all the facts alleged, necessary to plaintiff's recovery. *Birtwhistle v. Woodward*, 95 Mo. 113, *loc. cit.* 117, 118; *Bank v. Metcalf*, 29 Mo. App. 384. And the issues can not be changed from those made by the pleadings nor ignored in the instructions. *Moffat v. Conklin*, 35 Mo. 453; *Bank v. Armstrong*, 62 Mo. 59; *Bank v. Murdock*, 62 Mo. 70; *Glass v. Gelvin*, 80 Mo. 297; *Gurley v. Railroad Co.*, 93 Mo. 445. Instructions unsupported by the evidence should not be given. *Gorham v. Railroad*, 113 Mo. 409; *Mateer v. Railroad*,

105 Mo. 320. (4) The instruction as to measure of damages was erroneous. *Shinnaberger v. Shelton*, 41 Mo. App. 147; *McGoffin v. Muldrow*, 12 Mo. 512; *Finlay v. Bryson*, 84 Mo. 664.

*Casteel & Haynes* for respondent.

(1) The petition, it is true, has in it representations both of future promises and existing and past facts. However, if it stated a cause of action, however imperfectly, it is good after verdict. The rule in this state is, "if a material matter be not expressly averred in the pleadings, but is necessarily implied from what is expressly stated therein, the defect is cured by verdict in favor of the party so pleading, on the presumption that he has proved upon the trial the facts insufficiently averred." *Shaler v. Van Warmer*, 33 Mo. 386; *Frazer v. Roberts*, 32 Mo. 457; *Bowie v. City of Kansas*, 51 Mo. 454; *Grove v. City of Kansas*, 75 Mo. 672; *Meller v. Railroad*, 105 Mo. 456. And, if in such case defendant pleads to the merits, he thereby waives the objection to mere formal defects and will not be heard on the trial to object that the petition does not state a cause of action. R. S. 1889, sec. 2113, subdiv. 8, 9; *Roberts v. Walker*, 82 Mo. 200; *Grove v. City of Kansas, supra*. (2) The next contention of the appellant is that his demurrer to the evidence should have been given. A demurrer to the evidence should only be given when there is an entire failure of testimony to support the issues made by the pleadings. *Wilson v. Board of Education*, 63 Mo. 139; *Cook v. Railroad*, 63 Mo. 397; *Groll v. Tower*, 85 Mo. 246; *Noeninger v. Vogt*, 88 Mo. 589; *Buesching v. Gaslight Co.*, 73 Mo. 209; *Kelly v. Railroad*, 70 Mo. 604. (3) Appellant cites numerous authorities that instructions should not

be given that are misleading and that none should be given that do not embrace all the facts alleged, necessary to a recovery. He fails to state wherein either principle has been violated in instruction number 2. It is true, that in his argument he makes several assertions that do not seem to be borne out by the record in the case. (4) Where one has been defrauded in any contract, after the discovery of the fraud he may stand by the trade and recover damages resulting from the fraud, or he may rescind the contract and recover back what he has paid out, or sold. That principle is recognized in the authorities cited by appellant, and the following cases make the doctrine plain: *Jarrett v. Morton*, 44 Mo. 275; *Parker v. Marquis*, 64 Mo. 38.

SMITH, P. J.—It appears from the record before us that certain enterprising schemers who were mostly, if not all, nonresidents of this state, undertook to organize a manufacturing corporation under the laws of the state of Colorado to do business at St. Joseph in this state. It further appears that the alleged capital stock of the corporation was $1,000,000, but that not a cent of such capital, if subscribed, was paid. The assets of the pretended corporation consisted solely of donations made to it by public spirited citizens of the city where it proposed to carry on its business. It further appears from the evidence that its organization was similar to that of the National Railway Electric and Industrial Exposition Association. The character of the latter is clearly outlined in *Cleaton v. Emery*, 49 Mo. App. 345.

The Steel Car Company, for the reasons stated in that case, was no more than a false pretense and a fraud, having no legal corporate existence, either in the state of Colorado or in this state. As a corporation

it was fraudulent and could not be recognized as a legal entity anywhere. Of course, while this is so, there no doubt are cases where such a pretended corporation seeks to enforce an obligation to it for money or property obtained from it the obligor will not be permitted to dispute its corporate existence and this upon the principle of estoppel. The promoters and members of such an alleged corporation assuming to carry on business under a corporate name are no more than partners. The corporation, as already stated, having been procured by a legal fraud had no rightful or lawful existence. *Cleaton v. Emery, supra; Martin v. Fewell,* 79 Mo. 401. According to the well established doctrine of the above cases the stockholders of the "Steel Car Company" were no more than partners in the enterprise in which they proposed to engage in this state in so far, at least, as the legal liabilities of the company to the public were concerned.

The petition distinctly alleged, and the evidence tended to prove, that the defendant was a member of the "Steel Car Company" and represented to the plaintiff that said company was a duly incorporated company which proposed to establish a plant for the manufacture of steel railway cars. It is not controverted that the representation as to the corporate existence of the Steel Car Company was false. The parties who had associated themselves together under the corporate name of the Steel Car Company had not only no corporate existence, but they had not paid the stock subscribed by them, nor had they contributed a single dollar towards their proposed enterprise; they had no capital, no assets except such as had been acquired by the donations of others who were not stockholders.

It appears that the plaintiff was the owner of a small tract of land adjoining that upon which the Steel Car Company had erected a building and

machinery. The plaintiff relied upon the representations of Perkey, a stockholder and managing director of the pretended corporation, as to the existence, *status*, purposes, etc., of the corporation. He was thereby induced to enter into a written obligation to convey to the Steel Car Company one acre and a half of his land adjoining the plant of the latter. The defendant testified that he was not a director of the pretended corporation at the time the plaintiff bound himself to donate part of his land to the same, but was such director afterwards when the land was conveyed to him in place of the company. The plaintiff testified that the defendant, after he became director, made representations to him respecting the corporate existence of said corporation and its purposes similar to that made by Perkey, and that relying upon the truth of these false representations so made by Perkey and the defendant, he was induced to part with the title to his land.

The plain and obvious inference to be drawn from the facts which the evidence in the record tends to prove, is that the "Steel Car Company" was nothing more than an organized scheme to deceive, defraud and entrap the unwary. It can not be doubted that, had not the unsuspecting plaintiff confided in and greatly relied on the high sounding representations of Perkey and Hobson to the effect that the Steel Car Company was a corporation having $1,000,000 capital with which it would engage in an extensive manufacturing business, employing hundreds of men therein, he would not have made the donation of his land as he did. He believed that the location and operation of such a gigantic manufacturing plant would greatly enhance the value of the residue of his adjoining land.

It appears that part of the representations of Perkey and defendant were not as to existing facts but were in the nature of opinions or assumed future facts

and to that extent were not available as a ground of action. *Bullock v. Woolridge*, 42 Mo. App. 356. But after discarding and eliminating such representations, there still remains a sufficiency of false representations as to pre-existing facts upon which to ground the action for deceit. The false and fraudulent assertions made to plaintiff as to the existence of the corporation and its capital were the means by which plaintiff was deceived and induced to part with the title to his land. The plaintiff was induced to convey his land to defendant who was quick to pass the title of the same into an innocent purchaser and thus place it beyond the reach of plaintiff through the intervention of a court of equity.

The plaintiff would seem to be without remedy in a court of equity and to say that he is equally so under the rules of the law would indeed be a lasting reproach to our system of jurisprudence. The evidence we think is ample to warrant the court in submitting the case to the jury on the issue of fraud made by the pleadings, and therefore the trial court did not err in refusing the instruction asked by the defendant in the nature of a demurrer.

It is contended by the defendant, however, that the second instruction given by the court at the instance of the plaintiff, is erroneous. This contention we think is well founded. This instruction authorizes the jury to to take into consideration, not only evidence of the existing facts, but of future conduct and intentions of the "Steel Car Company." It was improper for the court to direct the jury that if they found from the evidence that if the plaintiff was materially "influenced and induced in making the conveyance of his land by the representations of defendant which were to the effect that the buildings there erected and the machinery therein in operation would be maintained and that the

manufacture of steel cars would continue at that place for five years," etc., then their verdict should be for the plaintiff for the reason that such representations related to the future conduct and intention of the Steel Car Company and not to existing or pre-existing facts. The petition, in so far as it alleged such representations, stated no cause of action. The evidence to sustain the same was improperly admitted over the objections of the defendant.

This instruction was further faulty in not embracing in its hypothesis the actionable facts which were well pleaded in the petition. Unless the representations as to the corporate existence, capital and so-forth of the Steel Car Company were established to the satisfaction of the jury by the evidence as alleged in the petition there could be no recovery by the plaintiff.

No substantial objection is perceived as to the plaintiff's instruction as to the measure of damages.

As we shall reverse the judgment and remand the cause for further proceedings therein we may suggest to the plaintiff the propriety of reforming his petition before the cause is again tried so as to meet the objections which we have already sufficiently indicated.

The judgment of the circuit court will be reversed and the cause remanded. All concur.