JOHN HYATT, Respondent, v. J. C. VAN RIPER et al., Appellants.

Kansas City Court of Appeals, February 15, 1904.

1. **CORPORATIONS: Partnership: Liability of Directors.** Individuals comprising a corporation may render themselves personally liable to creditors by their actions, defaults and representations; and where such action operates as a fraud on third parties the relation of partnership may be said to exist between incorporators with respect to such parties.

2. ———: ———: ———: **Capital Stock: Dissolution.** The liability of the directors attaches though the corporation has not been formally dissolved where the capital stock has never been paid and the corporation was insolvent from its inception; and also where the business is not conducted as a corporation but all payments are made by one of the incorporators without any money passing through the treasurer of the corporation and without any corporate action.

3. ———: ———: **Pleading: Judgment.** A petition against incorporators alleged that plaintiff contracted upon the faith of the company being what its articles of association warranted, to-wit, solvent. *Held*, it stated a cause of action which supports a judgment on the ground of partnership.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan*, Judge.

AFFIRMED.

*Sangree & Lamm.* and *Montgomery & Montgomery* for appellant.

(1) The court below held the defendants liable as partners, explicitly stating so in its findings and instructions. The only allegation in the petition upon which this finding can be based, is the charge that they filed articles of association, stating that the capital stock was full paid when in fact it was not full paid and the articles of incorporation were procured by false and fraudulent representations. So the court found that the mere failure to pay the capital stock in full, when it is so certified in the articles of association thereby creates a partnership between the original subscribers to the articles. (2) This is not one of that class of abortive corporations, where the incorporators attempting to incorporate never complied with the statute and did not secure the proper certificate, as in Hurt v. Salisbury, 55 Mo. 310, as afterwards modified by Furniture and Carpet Co. v. Crawford, 127 Mo. 367. Nor yet is it within the unique act of the legislature (Laws 1903, page 122), pertaining to foreign corporations doing business in this State and following the language and ruling of this court in Cleaton v. Emory, 49 Mo. App. 345, and Davidson v. Hobson, 59 Mo. App. 130. (3) The plaintiff can not in this action assert that the corporation was not legally formed. R. S. 1899, sec. 1314. If the record is false, the State may question it, but until the franchise claimed is directly adjudged not to exist, it is a corporation *de facto* at least, and its existence can not be inquired into collaterally. Kayser v. Bremen, 16 Mo. 90; St. Louis v. Shields, 62 Mo. 251; State ex rel. v. Fleming, 147 Mo. 10; Belt v. Hamilton, 130 Mo. 300; Casey v. Galli, 94 U. S. 679; 1 Morawetz on Cor., sec. 69; Cochran v. Arnold, 58 Pa. St. 406. (4) To hold that fraud annuls the grant of incorporation and the charter, subjecting it at any time and place to collateral

attack, is not only against authority but such a doctrine would produce most disastrous and mischievous results. Haskell v. Worthington, 94 Mo. 568. (5) But it is urged by respondent that the court found that the capital stock was not full paid as the defendants had certified it was, and that this was a fraud, rendering the defendants jointly and severally liable to plaintiff. The petition does not contain the essential allegations to charge defendants under the old and familiar action of fraud and deceit. There is no averment that the defendants knew the alleged representations were not true or any averment taking its place. This is fatally defective. Walsh v. Morse, 80 Mo. 572; Austre v. Ober, 26 Mo. App. 669; Paretti v. Rebenack, 81 Mo. App. 498; Green v. Worman, 85 Mo. App. 574; Edwards v. Noel, 88 Mo. App. 439; Brockett v. Griswold, 112 N. Y. 469; Carp v. Chipley, 73 Mo. App. 33; Utley v. Hill, 155 Mo. 259.

*Cashman & Bohling* for respondents.

(1) A charter of a corporation procured by fraud has no legal existence, and the promoters and members thereof assuming to carry on its business under its corporate name are no more than partners in the enterprise. Davidson v. Hobson, 59 Mo. App. 130. (2) The books quite uniformly agree, that a corporate creditor seeking to enforce the payment of his debt may ignore the existence of the corporation, and may proceed against the supposed stockholders as partners by proving that the prescribed method of becoming incorporated was not complied with by the company in question. Cook on Stock and Stockholders, 233, and cases cited; Beach on Corporations, sec. 162 and authorities, supra; Cleaton v. Emery, 49 Mo. App. 356. (3) The petition in the case at bar is based upon the ground that none of the capital stock purported to have been sub-

·scribed and paid up as stated in the articles of association, it was in fact paid up. Therefore under the above authority cited, the incorporators become liable to the plaintiff as partners independent of a statute, and plaintiff has a right to sue them jointly or severally upon the contract, that he was induced to enter into believing that it was a valid corporation. Loverin v. McLaughlin, 161 Ill. 417; McClure v. Iron Co., 90 Mo. App. 584; Shields v. Hobart, 172 Mo. 510; Kersey v. O'Day, 173 Mo. 560. (4) It is not necessary to enforce a stockholder's liability to either allege or prove fraud. Shields v. Hobart, 172 Mo. 510; National Tube Works v. Gilfillan, 124 N. Y. 302; Cleaton v. Emery, 49 Mo. App. 356; Davidson v. Hobson, 59 Mo. App. 134; Glenn v. Bergmann, 20 Mo. App. 346; Steam Cutter Co. v. Scott, 157 Mo. 525. (5) The liability of Van Riper is fixed from any point of view taken of this case, as there was behind him no responsible principal, nothing but a shadow cast upon the tiansaction by his adroit maneuvers. Riffe v. Proctor, 74 S. W. 410; Ins. Co. v. Burkett, 72 Mo. App. 3; Potter v. Bassett, 35 Mo. App. 425; Zeigler v. Fallon, 28 Mo. App. 298; Glenn v. Bergman, 20 Mo. App. 346; Furniture Co. v. Crawford, 127 Mo. 367; Heath v. Gosling, 80 Mo. 316; Farris v. Thaw, 72 Mo. 446; Berkley v. Benacke, 59 Mo. 195; Tapsley v. McKinstry, 38 Mo. 245; McClellan v. Parker, 27 Mo. 162.

BROADDUS, J.—The allegations of plaintiff's petition are substantially as follows:

That defendants on the ninth day of June, 1899, filed certain articles of association of what was known as the Sedalia Electric and Heating Company, showing a capital stock of $100,000 divided into 1,000 shares of $100 each, purporting to be all subscribed for by defendants, and that the full amount of such capital stock had been paid, whereas no part thereof had then or has since, been paid; that afterwards on the eighteenth day

of July, 1899, the defendants falsely and fraudulently represented to plaintiff that the entire capital stock was paid up and that the corporation was duly organized, solvent and ready to meet any and all liabilities; that plaintiff believing such representations and relying upon them, and relying upon the articles of association and the statements therein, was induced to enter into a certain contract with said company, with which he has fully complied; and that under said contract said company became indebted to him in the sum of $4,103.18, of which $628.18 is still due and owing to him. The petition further avers that the said company never had any legal existence and no authority to enter into said contract for the reason that the said articles of incorporation were procured by false and fraudulent representations made by defendants; and that said company had no assets to pay plaintiff's claim.

The court upon request of the parties made a finding of facts, which is as follows: "That the 996 shares of stock subscribed by Stewart and the one subscribed by Zimmerman were not paid into the treasury of the corporation; that there were no false representations made by Mr. Van Riper to Mr. Hyatt as to the capital being fully paid up which were relied upon by Mr. Hyatt as an inducement to enter into the contract."

The evidence showed that the payment credited upon plaintiff's claim did not come out of the company's treasury but was realized upon a sale of its property on a judgment in favor of a company supplying materials for the erection of the plant. The defendant Van Riper testified that what money he used in the company's business was furnished by Stewart who lived in the State of New York and who was reputed to be wealthy. The defendants were all stockholders and directors of the company. The so-called directors never met after the incorporation.

The court found for the plaintiff on the theory that

defendants were liable as partners. Having already found that the contract was not entered into by plaintiff by reason of any representations of defendants as to the solvency of the company, there was nothing else upon which to base its finding. If, as contended by plaintiff, the said company had no legal existence, there can be no question of the correctness of the court's finding and judgment.

In Loverin v. McLaughlin, 161 Ill. 417, it was held: "The directors and officers of a corporation are under the statute liable for its debts contracted by them in the name of the corporation before the certificate of its complete organization has been recorded in the county where its principal office is located. Most certainly, if defendants set up to do business under the style of a corporation which had no existence, they would be liable as partners, as the mere name under which they were doing business would not relieve them from liability as such."

"A charter to conduct an exposition at St. Joseph, Missouri, was obtained from the State of Colorado with a capital stock of $1,000,000, when in fact there was only $43,000 stock subscribed. The whole business of said corporation was to be conducted at St. Joseph, Missouri. *Held*, the rule of comity does not protect such corporation which was a fraud upon the laws of both States, and only colorable and absolutely void, and the incorporators were partners, and liable as such for the debts of the alleged corporation." Cleaton v. Emery, 49 Mo. App. 345. Judge Gill, who rendered the opinion of the court, in speaking of the law of comity, quoted and approved the following from Morawetz on Private Corporations: "This law of comity was not established for the purpose of giving any State an unlimited power to dispose of the franchise of acting in a corporate capacity in other States. To obtain a charter for the purpose of evading the laws of a foreign State, under cover of the rule of comity, would be a fraud upon the

State granting the charter; and to attempt to act under such charter in the foreign State would be a fraud upon the latter.'' In Davidson v. Hobson, 59 Mo. App. 130, the defendants had represented that they were acting for a corporation called the Steel Bar Company, when, in fact, it had no corporate existence. The court held defendants liable as partners.

Individuals composing an incorporated company may render themselves personally liable to its creditors by their acts, defaults and representations, such for example as representing the company to be solvent when they have knowledge to the contrary; permitting their assets to be wasted; or using their corporate existence as a cloak for the prosecution of an illegal business. Beach on Private Corp., sec. 163. And where there has been no legal incorporation, the members are individually liable as partners for all the obligations of the organization. And when the conduct of the parties operates as a fraud or deceit upon third parties, whatever their private intentions may be, the relation of partnership may be said to exist between them with respect to such third persons. Idem, sec. 163; Story on Partnership, sec. 49.

The authorities cited all go to the principle, that under certain circumstances the members of a corporation may be held liable to third persons as partners. There can be no doubt but what such liability would exist where the members of a corporation falsely represent their corporation to be solvent when in fact it is not. But as the finding of the court was that plaintiff was not induced to contract upon such representations the judgment can not be upheld on that ground.

The theory of the court, as has been stated, was that the defendants under the evidence were liable as partners, which involves a more serious question. And the finding and judgment must be sustained, if at all, upon the ground of fraud. The defendants in procur-

ing the incorporation without having paid any part of their subscriptions to the stock of the corporation no doubt committed a fraud upon the State for which upon the hearing of a writ of *quo warranto* its charter would be annulled. But its existence as a corporation can not be inquired into in this proceeding. If, however, its incorporation under the circumstances was a fraud upon the State, it was likewise a fraud upon third persons having dealings with it. And to so hold would in no sense be challenging its corporate existence. It is not a party to the suit, and notwithstanding plaintiff says it has no corporate existence, we think differently.

Said company so organized was a fraud as to all the world having dealings with it, of which the defendants must be held, as a matter of law, with full knowledge. And it is not sufficient to assert that liability can not attach to the directors who were *participes criminis* until the charter of the company had been regularly annulled by a decree of court, for such may never happen, in which event plaintiff would be without remedy. Surely, it can not be that directors of said company, insolvent at its inception, are exempt from liability to third persons who contracted with it in good faith believing it to be what it purported as solvent, and as so held out by defendants to the world under the certificate and seal of the State, fraudulently procured by them. It would be legalized fraud.

And besides, the defendants and the other directors of the association did not adopt the usual methods of a corporate body in the transaction of business. Whenever any money was to be used it was furnished by Stewart as the monied partner of the concern. It did not go into the treasury of the company. Not a dollar ever went into or out of it. No meetings of the directors were ever held at any time. Everything that transpired was as in the usual course as between partners. Partners in fact the defendants were; and we so hold.

As the petition alleges, among other things, that plaintiff contracted upon the faith of the company being what its articles of association warranted, viz., solvency, the petition in that respect stated a cause of action which supports the judgment. Other allegations of said petition are treated as surplusage.

For the reasons given the judgment is affirmed. All concur.