THE JOURNAL COMPANY, Respondent, v. A. P. NELSON et al., Appellants.

**Kansas City Court of Appeals, October 5, 1908.**

1. CORPORATIONS: Partnership: Statute.    Section 1025, Revised Statutes of Missouri, as amended by the Laws of 1903, is held not to apply to the corporation in question in this case; and the case of Cleaton v. Emery, 49 Mo. App. 345, presents a different case.

2. ———: ———: Fraud.    Three citizens of Missouri took out a charter in Arizona for a corporation with a capital stock of five millions and in fact with five hundred paid up, to do a mining business in Colorado and opened an office in Kansas City, Missouri, and advertised to sell the stock as full paid-up stock.    Held, the transaction was a fraud; there was never any legal corporation and the shareholders and partners were liable as partners for the debts contracted by the alleged corporation.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*Jamison, Elliott & Ostergard* and *Burke & Kimpton* for appellants.

(1) This principle of law was settled in this country by the Supreme Court of the United States in 1839, which decided that it is the business "for which it is created" that a corporation cannot carry on, outside of the State whose laws gave it existence, without permission from the other State which it proposes to enter. Bank v. Earle, 13 Peters 519; Hogan v. St. Louis, 176 Mo. 157; State ex rel. v. Cook, 181 Mo. 610; Mining Co. v. Reinhard, 114 Mo. 218; Demarest v. Flack, 128 N. Y. 205; 1 Cook on Corporations, secs. 237, 424; 2 Morawetz on Priv. Corp. (2 Ed.), 965a; 13 Am. and Eng. Ency. of Law (2 Ed.), 848, with note on "Conclusions" by the author.    (2)    Officers and stockholders

of an alleged fraudulent corporation, if at all liable as partners, are liable only for debts which might have been enforced against the corporation. 10 Cyc. 683.

*Piatt, Lea & Wood,* for respondent, filed argument.

BROADDUS, P. J.—The plaintiff as a corporation brought this suit against defendants A. P. Nelson, J. D. Thatcher, George Brant and Wm. P. Cole, copartners doing business under the firm name and style of The Brant Independent Mining Company. The plaintiff is engaged in the business of publishing a newspaper in Kansas City, Missouri. The claim against the defendants is for $299.46 charged for inserting in the plaintiff's paper the prospectus of The Brant Independent Mining Company. This prospectus purports to have been signed by defendant W. P. Cole, fiscal agent.

A trial was had in the justice's court which resulted in a judgment for the plaintiff for the full amount of the claim. Before the trial in the circuit court the appealing defendants filed an affidavit purporting to deny that they were partners, but as it was afterwards admitted by both plaintiff and defendant that The Brant Independent Mining Company was a mining corporation organized under the laws of Arizona, but not authorized to do business in this State, the necessity for such affidavit was dispensed with.

There was no question as to the correctness of plaintiff's demand, and the only question for us to decide is whether the defendants were liable as partners being members of the corporation. The capital stock of said corporation was five million dollars, of the par value of one dollar per share. Of this amount only about $500 had been paid although the prospectus stated that all had been paid. The defendant Cole was the promoter of the company and was selling the stock, and the other defendants were holding themselves out as officers of the company. From the prospectus, we

gather that the ostensible purpose of the corporation was mining in the State of Colorado. On the back of the bound leaves of the said prospectus, the following is printed in large capital letters, "Mining as a commercial enterprise." The corporation was not licensed to do business in this State. It had been organized only a short time before the publication in question. A jury was waived and the cause was tried by the court and the judgment was for the plaintiff.

It is the contention of plaintiff that the defendants are liable as partners under section 1025, Revised Statutes 1899, as amended by laws of 1903, pages 122-3, as follows: "Provided further, that the Secretary of State shall not license any foreign corporation to do business in Missouri when it shall appear that such corporation was organized under the laws of a foreign State by citizens and residents of Missouri for the purpose of avoiding the laws of this State, as it would be a fraud upon the laws of both States, and its pretended incorporators would be held as partners, and as such become liable for the debts of the alleged corporation." It will be observed that the corporation does not come within the description referred to in the section, as its pretended purpose was not to do business in the State of Missouri, but in the State of Colorado. However, if the law of Colorado is the same as that of Missouri, the corporation was a fraud upon the laws of both that State and the State of Arizona. This presents a different case from that of Cleaton v. Emery, 49 Mo. App. 345, wherein it is held that the corporation was a fraud upon the laws of the State of Kansas where it was chartered and upon the State of Missouri wherein its business was carried on. This case therefore does not depend upon a construction of the Missouri statute, supra. We, therefore, agree with the contention of the defendants as to that view of the case.

Under the circumstances, we are constrained to

hold that the so-called corporation never had any legal existence. That, from its inception, it was a fraud upon the laws of the State of Arizona and the State of Colorado, where it nominally proposed to do business. Its representation that its capital stock of $5,000,000 was fully paid up was untrue, as but a few hundred dollars of it had been so paid. The evident purpose of its organization was not to mine for gold in the State of Colorado, but to sell stock in the State of Missouri. It was not to be an industrial, but a commercial enterprise. All its officers and members were residents of this State. It had no home in the States of either Colorado or Arizona, for the short time of its existence, but was lodged for the time being in the Century Building at Kansas City, Missouri. It is a maxim of law that fraud vitiates everything. Applying this indisputable maxim to the pretended corporation, we hold that it never had any legal existence. In such cases, the members of such institutions are held to be partners and liable for the debts contracted in its name. The recitations in the prospectus were a fraud upon the plaintiff, its publisher, and known to be so by the defendants when they had it published. They were a fraud upon the public, which they were seeking to beguile into buying their stock, which was the stock of a company insolvent from the beginning.

In Hyatt v. Van Riper, 105 Mo. App. 644, we approved the law as found in Beach on Private Corporations, "Individuals composing an incorporated company may render themselves personally liable to its creditors by their acts, defaults and representations, such for example as representing the company to be solvent when they have knowledge to the contrary, permitting their assets to be wasted, or using their corporate existence as a cloak for the prosecution of an illegal business." Or, as stated by Story, "And where the conduct of the parties operates as a fraud or deceit upon third parties,

whatever their private intentions may be, the relation of partnership may be said to exist between them with respect to third parties."

The judgment of the court is affirmed. All concur.