COOPER WAGON & BUGGY COMPANY, Appellant,
v. C. A. CORNELL, Respondent.

Springfield Court of Appeals, January 3, 1910.

-PLEADING: Foreign Corporation: Allegation Covering Capacity
to Sue in this State: Matter of Defense. A demurrer will
not lie to a petition of a foreign corporation, in a suit on notes,
which fails to allege that plaintiff had complied with the pro-
visions of our statutes authorizing foreign corporations to do
business in this State. This is a matter of defense and to be
available must be pleaded by defendant.

Appeal from Barton Circuit Court.—*Hon. B. G. Thur-
man*, Judge.

REVERSED AND REMANDED.

*J. B. McGilvray* for appellant.

It is held that, though plaintiff alleges that it is a
foreign corporation and does not allege compliance by it
with the laws of this State to entitle it to make con-
tracts and enforce them in the courts of this State, com-
pliance with the laws of this State will be presumed.
And failure to comply is purely a matter of defense and
must be pleaded in answer and not by demurrer. Scien-
tific American Club v. Horchitz, 106 S. W. 1117; Ameri-
can Insurance Company v. Smith, 70 Mo. 371; Parlin &
Orendorff Co. v. Boatman, 84 Mo. App. 72; Heffernan v.
Howell, 90 Mo. 344; Maddox v. Duncan, 62 Mo. App.
474.

COX, J.—The petition in this case alleges that
plaintiff is a corporation incorporated under the laws of
the State of Iowa, but makes no statement as to whether
or not it has complied with the laws of this State relat-
ing to foreign corporations. The petition then declares
upon two promissory notes alleged to have been exe-

Wagon & Buggy Co. v. Cornell.

cuted by defendant. To this petition the defendant demurred upon the ground that it did not show that plaintiff had capacity to sue and that it did not state a cause of action. This demurrer was sustained and plaintiff has appealed.

As the cause of action stated was in proper form, the court must have sustained the demurrer to this petition upon the ground that it did not state that plaintiff had complied with the laws of this State authorizing foreign corporations to do business in this State. It is true that a foreign corporation who has not complied with the laws of this State cannot maintain an action in the courts of this State, but this is a matter of defense, and to be available, must be pleaded by the defendant; hence, it is not necessary for plaintiff to allege in its petition that it had complied with the provisions of our statutes in relation to foreign corporations, and a demurrer ought not to be sustained for that reason. [Scientific American Club v. Horchitz, 128 Mo. App. l. c. 579, 106 S. W. 1117; Parlin & Orendorf Co. v. Boatman, 84 Mo. App. l. c. 72; The American Insurance Co. v. Smith, 73 Mo. l. c. 371; United Shoe Machinery Co. v. Ramlose, 210 Mo. 631, 109 S. W. 567.]

The action of the court in sustaining this demurrer was error. The judgment is, therefore, reversed and the cause remanded. All concur.