G. W. TRIBBLE, Respondent, v. H. S. HALBERT et al., Appellants.

Springfield Court of Appeals, April 4, 1910.

1. FOREIGN CORPORATIONS: Failure to Comply With State Laws: Pleading. It has been uniformly held in this State in suits by foreign corporations upon contracts that the defense that the corporation had not domesticated by complying with our laws must be pleaded to be available.

2. ———: ———: Liability of Stockholders. The bare fact, if proven, that a foreign corporation has not complied with our laws is not sufficient to authorize a judgment against stockholders of that corporation, as partners, under contracts executed in the name of the corporation, but, in order to establish such a liability, it must be shown that there was fraud of some kind connected with the organization of the corporation, or that the persons sought to be held under the contract were themselves guilty of some fraud in connection with the contract.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED.

*L. C. Mayfield* and *A. W. Curry* for appellants.

(1) · It was incumbent upon the plaintiff, having alleged a partnership liability, to prove a partnership contract; and not a joint liability by operation of law. Dempsey v. Harrison, 4 Mo. 267; Campbell v. Hood, 6 Mo. 211. (2) When a corporation, as in this case, has been lawfully formed, the stockholders are not partners, even among themselves, unless the governing statutes have made them so. Baker v. Backus, 32 Ill. 79; Bank v. Hall, 35 Ohio 158. (3) When the Legislature has failed to declare that the agents making such contracts would be individually liable, it is a piece of sheer legislation for the courts to undertake to add to the provisions of the law as was done in this case. Carson-Rand Co. v. Stern, 129 Mo. 381. (4) The contract itself was a valid and enforcible contract against the corporation, and a valid judgment could have been obtained against it as a corporation. Young v. Gaus, 134 Mo. App. 166.

*I. W. Mayfield* and *W. T. Lambkin* for respondent.

(1) Corporate existence, if relied on to relieve defendants from personal liability, should have been specially pleaded as a defense. R. S. 1899, sec. 604; Flint-Walling Co. v. Ball, 43 Mo. App. 511; Kirby v. Railroad, 85 Mo. App. 348; State v. Lipscomb, 52 Mo. 32. (2) The defendants were partners in law if they failed to domesticate, although they had set up and pleaded that they were a foreign corporation, which they did not do. Failing to do this, they had no more right to do business in this State than if they had no corporate existence at all. Smith v. Warden, 86 Mo.

382; Ehrhardt v. Robinson Bros., 78 Mo. App. 407; Williams v. Scullin, 59 Mo. App. 36; Young v. Gaus, 134 Mo. App. 166; Chicago M. and L. Co. v. Sims, 101 Mo. App. 569; Tri-State Amusement Co. v. Amusement Co., 192 Mo. 404. (3) The fact that defendants denied partnership under oath, without setting up their corporate existence, is no more than a general denial without the oath. They are partners in law unless relieved by the corporation law, which they failed to plead. Steam Heating Co. v. Gas Co., 60 Mo. App. 148; Smith v. Warden, 86 Mo. 382; Williams v. Scullin, 59 Mo. App. 36; Young v. Gaus, 134 Mo. App. 166; Ehrhardt v. Robinson, 78 Mo. App. 407.

COX, J.—Plaintiff is a nurseryman at Billings, Missouri, and, in his petition, alleges that the defendants are partners engaged in the orchard business in Laclede county, Missouri, and that as partners had purchased certain apple trees from plaintiff, by contract in writing, and have refused to pay for the same. William C. Carroll, F. M. Carroll, and H. S. Halbert filed answer, which was a general denial, and William C. Carroll filed an affidavit denying the partnership. Trial was had by the court, who found for the plaintiff, and against William C. Carroll and H. S. Halbert, and rendered judgment for three hundred and six dollars, and these two defendants have appealed.

The court recited the following finding of facts in the judgment:

"That William C. Carroll and H. S. Halbert were stockholders in the Frisco Orchard Company, a corporation organized in the State of Nebraska, which corporation never procured a license to do business in the State of Missouri, and that the said William C. Carroll, with the consent of H. S. Halbert, made the contract sued on in the name of the said Frisco Orchard Company and, by said act, became personally liable on said contract."

The order for the trees was signed Frisco Orchard Co., William C. Carroll, Secretary.

Plaintiff's action is based upon the theory that as the corporation has not complied with the laws of this State its stockholders are, for that reason alone, liable upon this contract as partners. The court took the same view except that it limited the liability to those stockholders who took part in making the contract. Defendants contested this position.

The evidence in this case shows that the "Frisco Orchard Company" is a corporation organized under the laws of Nebraska, but is silent as to whether or not they were authorized to do business in this State. In this state of the testimony it will be presumed that the corporation had complied with our laws. [State to use v. Hudson, 86 Mo. App. l. c. 513.] It has been uniformly held in this State, in suits by a foreign corporation upon contracts that the defense that the corporation had not domesticated by complying with our laws must be pleaded to be available. [Parlin v. Boatman, 84 Mo. App. 67; Scientific American Club v. Horchitz, 128 Mo. App. l. c. 579, 106 S. W. 1117; American Insurance Co. v. Smith, 73 Mo. l. c. 371; United Machinery Shoe Co. v. Ramlose, 210 Mo. l. c. 649, 650, 109 S. W. 567; Cooper Wagon & Buggy Co. v. Cornell, 124 S. W. 53.]

It is earnestly insisted by counsel for respondent that the stockholders of a foreign corporation, which has not complied with our laws, should be held liable as partners upon contracts made in the name of the company. It has been held in some cases, by the Kansas City Court of Appeals, that the stockholders of a foreign corporation, which had incorporated in another state for the purpose of evading the provisions of our laws, or for some other fraudulent purpose, should be held as partners. [Cleaton v. Emery, 49 Mo. App. 345; Davidson v. Hobson, 59 Mo. App. 130; Journal Co. v. Nelson, 133 Mo. App. 482, 113 S. W. 690.]

But the decisions in those cases, it will be noted, are really based upon the theory that. fraud was contemplated in the very inception of the organization of the corporation, and that, therefore, the corporation had no legal existence and our Supreme Court, in commenting upon some of these cases, reached the same conclusion as to the grounds upon which they were based. [State ex rel. v. Cook, 181 Mo. 1. c. 610, 80 S. W. 929; Bank v. Rockefeller, 195 Mo. 1. c. 56, 93 S. W. 761.]

Our conclusion is that the bare fact, if proven, that a foreign corporation has not complied with our laws, is not sufficient to authorize a judgment against stockholders of that corporation, as partners, under contracts executed in the name of the corporation, but in order to establish such a liability, it must be shown that there was fraud of some kind connected with the organization of the corporation, or that the persons sought to be held, under the contract, were themselves guilty of some fraud in connection with the contract. As these questions were not raised in the trial court, by either pleading or proof, we assume that no such facts exist. Judgment will be reversed. *Gray, J.,* concurs. *Nixon, P. J.,* having been of counsel, not sitting.