American Fidelity Company, Appellant, v. John L. Bleakley, Auditor of State.

**Insurance:** INDEMNITY AGAINST AUTOMOBILE ACCIDENTS: LEGALITY, Neither subdivision 5-cl. 1, nor subdivision 5-cl. 2, of section 1709 of the Code Supplement of 1907, authorize the issuance of a policy indemnifying the owner or driver of an automobile, who is not an employer, against liability for damages resulting from an accident caused by the negligence of such owner or driver in operating the machine; as the first subdivision limits indemnity to personal injuries suffered by the insured himself, and not against liability for some negligent or wrongful act of his; and the second authorizes indemnity to an employer only, as against liability arising out of some act of his employee, and prohibits liability insurance not therein authorized.

**Same:** FOREIGN INSURANCE COMPANIES: INTERSTATE COMITY. The legislature has power to prescribe the terms and conditions upon which foreign insurance companies may do business in this state, and the courts will not override the will of the legislature on the ground of interstate comity.

*Appeal from Polk District Court.*—Hon. Lawrence De Graff, Judge.

Wednesday, November 20, 1912.

The facts are stated in the opinion.—*Affirmed.*

*James C. Hume,* for appellant.

*George Cosson,* Attorney-General, and *Henry E. Sampson,* special counsel, for appellee.

Sherwin, J.—The American Fidelity Company is a foreign corporation, organized under the laws of the state of Vermont, and holds a license to transact business in this

state in accordance with the laws thereof. It has the power under its charter, by-laws, and the laws of Vermont to insure persons against loss and damage from all kinds of accidents, including the power and authority to insure drivers of automobiles against liability for damages to the persons and property of other persons resulting from accidents caused by the driver's negligence in operating his machine. In September, 1911, the said company entered into a contract of insurance with one W. F. Gabrio, a citizen and resident of Des Moines, insuring and agreeing to indemnify him as the owner and driver of a certain automobile "against loss from liability imposed by law for damages and expenses incurred on account of bodily injuries, including death resulting therefrom, accidentally suffered by any person or persons by reason of the maintenance, use, loading and unloading of" said automobile, and against loss "from the liability imposed by law on the insured for damages to property, and resulting from any accident caused directly by" said automobile. A few days later this policy of insurance was submitted to the defendant as auditor of the state for his examination and approval. Defendant refused to approve the policy, and ordered its cancellation under threat of expulsion of the plaintiff from the state. Thereafter this action was brought in equity, asking that the policy be declared legal under the laws of the state, and that the defendant and those acting under his authority be enjoined from interfering in any way with plaintiff's right to write such insurance, and from revoking plaintiff's license to do business in the state because of the issuance of said policy. A writ of mandamus was also asked, compelling the defendant to approve said policy. A demurrer to the petition was sustained, and, the plaintiff electing to stand on its petition, the action was dismissed, and plaintiff appeals.

The sole question for our determination is thus stated by appellant's counsel: "May a foreign insurance com-

pany, which has complied with all of the provisions of the
statutes of Iowa relative to its admission to

1. INSURANCE: indemnity against automobile accidents: legality.

this state, and has received a license from
the state auditor to do business within the
state, having power by the laws of its own
state and by its charter to insure the owner or driver of
an automobile, who is not an employer, against liability
for damages to persons resulting from an accident caused
by the owner's or driver's negligence in operating his ma-
chine, issue such insurance in Iowa?" In support of
appellant's contention that an affirmative answer should be
made to this question, reliance is placed on the following
propositions: First, that such insurance is authorized by
the first clause of subdivision 5 of section 1709 of the Code;
second, that such insurance is authorized by the second or
"employer's liability" clause of subdivision 5 of the same
section; and, third, that such insurance may be issued in
this state under the doctrine of interstate comity, appellant
having the power under its charter to issue such insurance
and being licensed to do business in this state. These
propositions will be considered in the order of their state-
ment. The first clause of subdivision 5 of section 1709,
as it appears in the Supplement of 1907, provides that any
company authorized to do business in this state "may insure
the health of persons and against personal injuries, dis-
ablement or death resulting from traveling or general acci-
dents by land or water," and the second clause of sub-
division 5 of the section provides that any company may
"insure employers against loss in consequence of accidents
or casualties of any kind to employees or other persons or
to property resulting from any act of an employee, or any
accident or casualty of any kind to persons or property,
or both, occurring in or connected with the transaction of
their business, or from the operation of any machinery
connected therewith."

In our judgment the first of these two clauses can not

be so construed as to furnish authority for the issuance of the policy in question. It is true that it authorizes the insurance of persons "against personal injuries, disablement or death," and that any person may be so insured. But it is clear to us that such insurance is limited by the terms of the clause and by the chapter generally to personal injuries that are received by the insured himself. It authorizes insurance against accidents, but only against accidents that result in personal injury to the insured. We are aware of the fact that these limitations are not made by the express language of the clause, but we think a fair construction of the language used leads inevitably to the conclusion we reach. The policy sought to be issued by the appellant is one to indemnify the insured against liability that may be imposed by law for some negligent or wrongful act of his own. In other words, its purpose is to insure against a liability that might follow the insured's negligence, other than as an employer. There is a very decided difference between accident and liability insurance, and we think a clear distinction between the two classes was made by the Legislature in enacting subdivision 5 of section 1709. The second clause provides for liability insurance, but limits it to employers.

If the appellant's construction of the first clause were to obtain, it is manifest that the second clause would be useless, for the first clause would alone completely cover the ground, and, liability insurance having been provided for in the second clause, the statute is to be construed as prohibiting liability insurance not therein authorized. 36 Cyc. 1122.

The second clause of subdivision 5 does not in our opinion furnish the appellant any authority for its contention. It plainly and clearly provides for indemnity to an employer, and to an employer only. It provides that he may insure himself against liability arising from the act of his employee, but nothing more.

The appellant's claim that the policy in question should issue because of interstate comity can not be sustained. The state has the undoubted right to say whether foreign corporations shall be permitted to do business here at all, and, if such permission is granted, it may be upon such terms and conditions as the state shall prescribe. And, where it is the manifest intention to limit or restrict the powers given to such corporation by its charter, courts have no authority to override such legislation on the ground of comity between the states. Within its power, the state, through its Legislature, is supreme, and the court's duty is ended when it determines what the statutory law is. The Attorney-General urges that it would be against public policy to permit such insurance as the appellant proposes. If it is meant that it would contravene the declared policy of the state, we fully agree with the contention. But, if it is contended that sound, undeclared public policy demands a denial of such policies of insurance, we can not agree to the proposition. Out of the nearly 50,000 drivers of automobiles in this state there may be a few who are so careless and heedless about the lives and limbs of their neighbors as to be unworthy of any kind of protection. On the other hand, accidents may happen to the other large class of drivers, the men who are law abiding, and who are careful not to injure even a stray dog or an old hen that persists either in crossing the road just ahead of the car or under it, and this great majority of decent drivers should not be denied reasonable protection because of the recklessness of a few. As we have said, however, we think this insurance is not permitted under the present statute, and the judgment must, therefore be—*Affirmed.*

2. SAME: foreign insurance companies: interstate comity.