No. 18,763.

P. K. BEAL, *Appellant*, V. FRANK CHILDRESS et al.,
. *Appellees.*

SYLLABUS BY THE COURT.

ARIZONA CORPORATION — *Insolvency* — *Failure to Comply with Foreign Corporation Statute*—*Liability of Individual Incorporators.* Certain residents of Kansas procured an Arizona charter for a mining company, providing that the principal place of business in Arizona should be at Phœnix, and the principal office outside of Arizona should be at Galena, Kan., and that the company could have such other offices as the board of directors should establish. The laws of Arizona were complied with and the incorporators proceeded to hold a meeting at Galena, all being present, and elected themselves directors, choosing one president and another secretary and treasurer, and adopting a full set of by-laws. The stock was all subscribed and paid for in full, and the company entered upon and conducted a mining business, and the plaintiff while in its employ was injured, for which injury he brought suit and recovered judgment. Finding that the company had become insolvent, and ascertaining that the requirements of the Kansas statutes touching foreign corporations had not been complied with in any respect, he brought this action to hold the incorporators individually liable. *Held,* that the failure to observe the Kansas requirements did not avoid the corporation or justify a holding that the incorporators were fraudulently using the charter as a shield from personal liability.

Appeal from Cherokee district court; EDWARD E. SAPP, judge. Opinion filed April 11, 1914. Affirmed.

*William F. Sapp,* and *Andrew S. Wilson,* both of Galena, for the appellant.

*E. B. Morgan,* of Galena, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff, while working for The Childress Mining Company, was injured. He sued for damages and recovered a judgment on which execution was issued and returned unsatisfied. This action

was brought against the incorporators of the company to hold them individually liable. After the issues were made up an agreed statement of facts was filed, and treating this as the evidence in the case a demurrer thereto was sustained and judgment rendered in favor of the defendants, and the plaintiff appeals. It appears from this agreed statement that in December, 1908, the defendants executed articles of incorporation of the Childress Mining Company, pursuant to the laws of Arizona, and filed the charter locally in that territory and in the auditor's office. This charter provided that the principal place of business should be Phœnix, and the principal office outside of Arizona should be Galena, Kan., and that such other offices, either within or without the territory of Arizona, might be had as the board of directors should establish. The general business to be transacted was mining, including matters connected therewith. The capital stock consisted of 200 shares of one hundred dollars each. In February, 1909, the incorporators, after due notice, held a meeting at Galena, at which they were all present and elected a board of directors, one being chosen president and another secretary and treasurer, and a full set of by-laws was adopted. A resident agent for the corporation at Phœnix, Ariz., was appointed. Soon after this the corporation began to operate a lead and zinc mining plant in Cherokee county, at which place the plaintiff was employed, and continued to operate such plant and transact business until the company was adjudged a bankrupt, during all of which time the directors were all residents of Kansas and of Bourbon and Cherokee counties. All its business was carried on in Kansas and no property was owned by the company in Arizona. The company was duly incorporated under the laws of Arizona and complied with all of the laws of that territory. It was admitted that "The stock was issued and that the incorporators of said company paid for the stock executed to them the full face value thereof, and

that the only grounds upon which it is sought to hold defendants in this action liable for the judgment sued upon herein, is that The Childress Mining Company and its incorporators failed to make application to the State Charter Board of Kansas for authority to engage in business in this state as a foreign corporation and failed to make any annual reports of their business to the secretary of state or the State Charter Board, but did business in this state in disregard of all the laws of Kansas relative to foreign corporations." Also that when plaintiff sued to obtain judgment against the company he did not know of the failure to comply with the laws of Kansas and did not learn thereof until the present action was brought, and that two of the defendants did not know of the failure until after the present action was begun.

The appeal presents the question whether, the company having been organized in accordance with the laws of Arizona, the stock being taken and paid for, the officers having been elected and by-laws adopted and business transacted for a considerable time, the mere failure to comply with the Kansas corporation statute renders the defendants personally liable to the plaintiff for the amount of his judgment.

Most of the decisions cited by the plaintiff were controlled by statutes expressly providing for the result of such corporate failures and omissions. In *Rowden v. Daniell*, 151 Mo. App. 15, 132 S. W. 23, a former decision of the supreme court was followed, holding that under the Missouri statutes a foreign corporation has no legal existence in that state until it has complied with the requirements, and it was also held that individuals who attempt to organize a corporation in Missouri are held personally liable until the charter has been secured and the required fees paid into the state treasury. In *Bigelow v. Gregory et al.,* 73 Ill. 197, it was held that persons adopting articles of agreement to become a body corporate do not, without complying

with the other provisions of the law, become a corpora-
tion and escape personal liability.    To a similar effect
is *Guckert v. Hacke et al., Appellants,* 159 Pa. St. 303,
28 Atl. 249, and *N. Y., Etc., Bank v. Crowell et al., Ap-
pellants,* 177 Pa. St. 313, 35 Atl. 613.   *Cleaton v. Emery,*
49 Mo. App. 345, is also cited.   There a charter to con-
duct an exposition at St. Joseph was obtained from the
state of Colorado with a capital of $1,000,000, only
$43,000 stock being subscribed.   The laws of Missouri
require that before such a charter be issued all the stock
must be subscribed in good faith, one-half thereof being
fully paid up.   The whole business of this corporation
was to be conducted at St. Joseph, though provision
was made for branch offices at Denver and other places.
The enterprise proved disastrous, and the incorporators
were held liable as partners on the ground that the in-
corporation was a fraud on the laws of Colorado and
Missouri.   It was also held that, being against the letter
as well as the spirit of the Missouri statute and a fraud
in fact, the plaintiff who had contracted believing it to
be a corporation might be heard to raise the question.

An examination of the statutes covering foreign cor-
porations (Gen. Stat. 1909, §§ 1710-1726) shows that
while making various requirements they do not in any
instance make the failure to observe them work a for-
feiture or result in the individual liability of the in-
corporators.   Morawetz on Private Corporations, vol-
ume 2, second edition, section 665, after reviewing the
decisions of various states says that the object of stat-
utes like the one here involved is to protect parties
dealing with these companies from imposition and to
secure convenient means to obtain jurisdiction in the
local courts, but that it is not the primary purpose to
render the contract and dealings of the corporation
which has not complied with the statutes void and un-
enforceable, and hence when such result has not been
previously declared it should not be judicially imposed.

Without considering the alleged estoppel of the plain-

tiff or the right of any party except the state to question the power of the corporation, it is sufficient to say that under the settled rule as to the general rights of private corporations as declared in *Pape v. Capitol Bank*, 20 Kan. 440, *A. T. & S. F. Rld. Co. v. Fletcher*, 35 Kan. 236, 10 Pac. 596, and *The State v. Water Co.*, 61 Kan. 547, 60 Pac. 337, and the effect of the statute concerning foreign corporations as stated in *The State v. Book Co.*, 69 Kan. 1, 76 Pac. 411, the acts of the Childress Mining Company were not void, and the incorporators can not be held personally liable (see, also, *Hamilton v. Reeves & Co.*, 69 Kan. 844, 76 Pac. 418; *The State v. Pullman*, 75 Kan. 664, 671, 90 Pac. 319; *Boggs v. Kelly*, 76 Kan. 9, 90 Pac. 765). It can not be held, in view of all the agreed facts, that the failure to comply with the statute in question authorizes or requires a holding that the incorporators were falsely holding out the company as incorporated or fraudulently using their charter as a shield from personal liability.

The judgment is therefore affirmed.