**SERVICE DRYWALL SUPPLY, INC., Appellant,**

v.

**Phillip L. SHARP, Respondent,**

and

**Interior Systems, Inc., Defendant.**

No. WD 46078.

Missouri Court of Appeals, Western District.

Dec. 8, 1992.

James F. Freeman, Kansas City, for appellant.

Gordon R. Gaebler, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Service Drywall Supply, Inc. (Service Drywall), appeals from a judgment entered against it and in favor of respondent Phillip L. Sharp, on Service Drywall's claim for payment on account.

In the underlying action, Service Drywall, a Missouri corporation, sought payment from Sharp and from Interior Systems, Inc. (Interior Systems), for construction materials and supplies in the amount of $130,147.98. The trial was conducted to the court without a jury. Service Drywall recovered judgment against Interior Systems, Inc., but not against Sharp. There is no appeal on the judgment against Interior Systems, Inc.

The record reflects that Sharp was the incorporator and majority shareholder of Interior Systems, a Kansas corporation. Interior Systems was incorporated in the State of Kansas in October, 1987. Sharp owned 90% of the stock of Interior Systems and was the secretary of the corporation. The other 10% of the stock was owned by Mark Stephen, who was also president of the company until his resignation in October, 1989. After Stephen's resignation, Sharp became president of Interior Systems. Interior Systems performed work in Missouri and purchased drywall construction materials from Service Drywall for delivery in both Kansas and Missouri. The trial court found that Interior Systems had failed to comply with Missouri's foreign corporation laws by transacting business in Missouri without a certificate of authority.

Service Drywall argues in its sole point on appeal, that because Interior Systems was a foreign corporation engaged in business in Missouri without complying with

Missouri's foreign corporation laws, Interior Systems was without legal existence in Missouri thereby causing the principals of the corporation to be liable for its obligations in Missouri.[1]

 The sole fact that a foreign corporation has not complied with Missouri law is not sufficient of itself to authorize judgment against the stockholders of the corporation under contracts executed in the name of the corporation. *Tribble v. Halbert,* 143 Mo.App. 524, 127 S.W. 618, 619 (1910). In order to establish liability against the principals of the foreign corporation, it is necessary to show that the corporation was fraudulently organized or that the persons sought to be held liable under the contract were themselves guilty of some fraud in connection with the contract. *Id.*

Furthermore, Section 351.574, RSMo Supp.1991, sets out the consequences of a foreign corporation transacting business in Missouri without a certificate of authority and provides that the foreign corporation may not maintain a proceeding in any court in Missouri and is subject to a fine of not less than one thousand dollars. However, any such foreign corporation is not prevented from defending an action against it in Missouri and the validity of the corporate acts are not impaired by the foreign corporation's lack of authority. § 351.574.5, RSMo Supp.1991. Missouri will recognize the legal existence of the corporation.

Service Drywall did not prove fraud. Service Drywall argues that it is not required to show fraud because Interior Systems did not exist in Missouri which fact of itself renders the principals liable. Service Drywall's argument is contrary to the law.

The judgment of the trial court is affirmed.

All concur.

---

1. Sharp argues in his brief on appeal that Service Drywall's petition against him should have been dismissed for failure to state a claim. Sharp has not appealed the trial court's judgment and, therefore, his allegation of error is not before this court.