ROSENTHAL & CO. v. O. H. & O. P. RISLEY.

1. DELIVERY. The defendants purchased grain with money furnished by plaintiffs, under a contract to purchase and deliver at a certain price for a certain number of days, *Held* that the title to the grain purchased did not pass to plaintiffs until it was specifically set apart for them, and that they could not maintain replevin therefor.

*Appeal from Jackson District Court.*

MONDAY, APRIL 22.

*W. E. Leffingwell* for the appellants.

*Booth* and *O'Conner* for the appellees.

BALDWIN, J.—The defendants gave to plaintiffs a written agreement, stipulating that for the next eight days thereafter they would purchase for plaintiffs wheat and oats at a certain price therein named, and deliver the same "free on board;" the plaintiffs furnishing the money for such purchases. The plaintiffs allege in their petition that in pursuance of the terms of said written agreement, they furnished to defendants a certain amount of money; that they purchased with it wheat and oats; that defendants had the grain thus purchased, together with a large quantity of their own, in their possession; that a portion purchased for plaintiffs was in sacks by itself, and a part in bins mixed with the grain of defendants; that defendants refused to deliver the amount purchased for plaintiffs, unless plaintiffs would take all in their warehouse. Plaintiffs bring their action of replevin for the recovery of the amount purchased with their money.

We are unable to see any error in the rule of law given by the court to the jury, that the grain purchased by defendants under the agreement remained and was the property of defendants while there was any act to be done by the defendants thereto. In other words, that until the grain thus purchased was delivered to plaintiffs, or was designated, sep-

arated and specifically set apart for the plaintiffs, and distinguished from other grain purchased by defendants during the eight days mentioned in the agreement, the plaintiffs have no such right of recovery as will enable them to maintain replevin therefor.

The defendants agreed to purchase for plaintiffs at a certain price; under this contract there had been no delivery; the plaintiffs never were in possession of the wheat purchased; nor had they any right to the same, as the court directed, until it had been designated or set apart to them. If a different quality of wheat or oats had been purchased than that agreed upon, the plaintiffs could not have been compelled to take it; or if it had been consumed by fire, or damaged in any way, the loss would have been defendants, as plaintiffs had no control over the same until delivered according to the contract.

Judgment affirmed.