J. R. RICE, Appellant, v. PETER APPEL.

**Purchase Price:** DEMAND: *Authority of agent to make.* Where the agent of a nursery sold an order of trees to the defendant, to be paid for on delivery, an instruction that tender of the stock was insufficient if coupled with a demand for the purchase price, because the agent had no right to make such a demand, was erroneous, where, by the terms of the contract, the plaintiff was entitled to his pay on delivery.

**Evidence:** ADMISSIBILITY: *Issue of fraud.* Where defendant, in his answer, raised the issue of fraud in the procurement of a contract to deliver trees to him, evidence as to the value of the trees tendered by the plaintiff in pursuance of such contract was properly admitted, as bearing on its reasonableness.

CURING ERROR. Error in the admission of evidence was cured by an instruction that such evidence was so indefinite and uncertain that the jury should not give it any attention.

*Appeal from Shelby District Court.*—HON. W. R. GREEN, Judge.

FRIDAY, MAY 18, 1900.

ACTION at law to recover the purchase price of a certain amount of nursery stock sold the defendant. Defendant denied that the goods purchased were ever tendered, and pleaded fraud in the making of the contracts. The case was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals. *Affirmed,* if the defendant consents within thirty days to a judgment in this court for twelve dollars and fifty cents, with interest, and one-fourth of the costs; otherwise, *Reversed.*

*Spurrier & Maxwell* and *Geo. W. Cullison* for appellant.

No appearance for appellee.

DEEMER, J.—The action is on two written contracts,—one of date January 27, 1897, for the purchase of nursery

stock amounting to twelve dollars and fifty cents; and the
other of date February 23, 1897, for the purchase of such
stock amounting to two hundred and seventy dollars.   De-
fendant makes no objection to the first contract, but claims
that the goods described therein were never delivered or
offered to him.   The second order, he claims, was procured
by fraud, in that he was unable to read or write, and that the
agent who took the contract misrepresented the contents
thereof, and induced him to sign the same; that it is not his
contract, and that the agreement between him and the agent
who took the order was that he (defendant) should pay for
the stock by giving a share of the fruit raised therefrom.  The
court submitted these issues to a jury, and it is now con-
tended that it erred in the admission of evidence regarding
the character of trees tendered defendant.   As de-
fendant's answer contained a denial of any tender of
stock of the kind and quality called for, evidence
bearing on this issue was properly admitted.   After the evi-
dence was all adduced, the court said, with reference to the
delivery of the stock contracted for by the larger order: "The
evidence on this issue is so indefinite and uncertain that you
should not give it any attention, and the issues thus presented
by defendant must be regarded as not supported by the evi-
dence."   The jury were further instructed that the only issue
regarding the larger order was fraud in obtaining the same.
Whatever error there may have been in the reception of this
evidence was cured by these instructions.   Evidence as to the
value of stock included in the larger order was admitted,
and the court instructed that such evidence could only be
considered as bearing on the reasonableness of the contract,
and as throwing light on defendant's claim of misrepresen-
tation.   Where fraud is pleaded, the unreasonableness of the
contract may properly be considered, for a wide door is
opened by this issue.

II.   When plaintiff's agent attempted to make delivery,
he tendered all the goods that he claimed were ordered by

defendant, and demanded payment for the whole amount before delivery. Defendant admits that he refused to accept all, but says he did agree to take and pay for those covered by the smaller contract. This is denied by the plaintiff's agent, who also says that defendant refused to accept the smaller order. The contract provides that defendant should receive the goods and pay for same on delivery.

In the instructions the court said, in effect, that it was incumbent on plaintiff, not only to show tender of the stock covered by the smaller order, but that such tender was insufficient, if coupled with a demand for the purchase price, for that plaintiff's agent had no right to make such demand. Under the terms of the contract, plaintiff was entitled to his pay upon delivery, and as no time was given, it was the duty of defendant to make payments on receipt of the goods. Delivery and payments were mutual and concurrent acts, and plaintiff's agent authorized to make delivery had the undoubted right to demand payment as a condition precedent to delivery. Benjamin Sales (6th ed.) p. 721, section 677; *Day v. Bassett,* 102 Mass. 445. Delivery and payment were simultaneous and concurrent acts, and payment was a condition precedent to the delivery of the goods. Newmark Sales, section 225, and notes. This error is so patent that it cannot be overlooked. As the jury found for the defendant on the issues relating to the larger contract, and there was no prejudicial error that in any manner affected their finding on this issue, the case should not be remanded for further hearing on that matter. We are at a loss to know what to do with the case in view of the condition of the record, but have concluded to reverse it, unless defendant, within thirty days from the filing of this opinion, consents to a judgment for plaintiff in this court for the sum of twelve dollars and fifty cents, with six per cent. interest from April 20, 1897, and one-fourth the costs. Should he so consent by an election filed with the clerk, the judgment, as thus modified, will stand affirmed; otherwise, REVERSED.