H. I. THOMPSON v. A. J. FRAKES, Appellant.

**Statute of Fraud:**  CONDITIONAL DELIVERY: *Evidence of Intent.*
The intent of the parties to a sale of personalty is a fact which should always be considered by the jury in determining whether a conditional delivery of property alleged to be sold constitutes such a delivery as will take the transactions out of the statute of frauds, and an instruction which eliminates that fact from consideration of the jury is erroneous.

PLEADING DEFENSES. It is not necessary to plead the statute of frauds as a defense in an action to recover a balance alleged to be due on a sale of personal property, where plaintiff is bound to show part payment or delivery in order to prove his contract.

*Appeal from Hamilton District Court.*—HON. D. R. HIND-MAN, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION to recover a balance alleged to be due for personal property sold and delivered to the defendant. Trial to jury, and verdict and judgment for plaintiff. The defendant appeals. —*Reversed.*

*J. W. Lee* and *Jesse Gouge* for appellant.

*D. C. Chase* for appellee.

SHERWIN, J.—In his petition the plaintiff alleged that he sold and delivered to the defendant certain cattle for the agreed price of $740; that the defendant gave him as a part payment therefor his check for $100, which "check was not accepted in payment of said cattle," and was never paid; that the cattle were afterwards shipped to Chicago by order of the defendant, and were there sold under his direction for $634.15 The plaintiff asked judgment for a balance due of $105.85. The facts appearing of record are substanially these: The defendant's son, Wesley Frakes, was engaged in the grain and live-stock business. He bought the cattle in question of the plaintiff at the price alleged, and gave him a check of $100, to which he signed the defendant's name. The bank on which the check was drawn refused payment for lack of funds, and the check was returned, and Wesley Frakes notified of its nonpayment. The cattle were still in the possession of the plaintiff. Wesley Frakes then proposed that the cattle be shipped to his commission house in Chicago, con-

signed by the plaintiff, and that they both go with them; and stated that when he reached there he would pay for the cattle through his house, and take an assignment of the shipping bill. This arrangement was agreed to by the plaintiff, and Wesley Frakes took the cattle from the plaintiff's pasture, and loaded them on the cars, and they both went to Chicago with them. When they reached there, they were turned into the yards of the commission house selected by Wesley Frakes, but the firm refused to pay for them in advance of sale, and informed the plaintiff that they could not sell them for more than $2.90 per 100. The plaintiff said he thought he could sell them for more than that, and drove them to another commission house, where they were sold, and netted the price stated. Wesley Frakes had nothing to do with taking the cattle to this other firm; nor did he advise with them or the plaintiff, or take any part in the sales, or receive any part of the proceeds thereof, nor was the bill of lading ever assigned or transferred to him. The question of importance in this case was whether there was such a delivery of the cattle as to take the transaction out of the statute of frauds, for the plaintiff in his pleading expressly averred that no part of the purchase price was paid by the check, and all the plaintiff now contends for is that there was a complete delivery before the cattle were finally sold. On this branch of the case the court instructed: "But if the buyer, either directly or indirectly, receives possession of the property sold, and is placed in the possession of the same, such possession and control of the property would constitute a delivery of the property, even though such delivery was conditional. And in this case, if you find the alleged contract of the purchase and sale was made by plaintiff to the defendant, and further find that the said Wesley Frakes had the lawful right to bind the defendant to such contract of purchase and sale, and shall further find that the said Wesley Frakes removed the cattle from the plaintiff's prem-

ises, and took charge of them in transporting them to Chicago, and by agreement of parties was to have the surplus, if any, over and above the contract price thereof, then you would be authorized in finding that there was a delivery of the said cattle, and a complete sale. But, on the other hand, if you find the said Wesley Frakes was the agent of the defendant in the case, and entered into the alleged purchase and sale of the cattle, and took them into his possession and control, and shall further find that the plaintiff has not been paid the contract price therefor, then, and in such case, you should return a verdict for the plaintiff for the balance due and unpaid on said contract price." The objection to this instruction is well founded. It entirely eliminated from the consideration of the jury the controlling question of the intent of the parties. Followed to a logical finality, no conditional delivery of personal property could ever be made or proven. That the question of intent is a factor which should always be considered in cases of this kind, is well established. *Brown v. Wade,* 42 Iowa, 650; *Bank v. Reno,* 73 Iowa, 148; *Welch v. Spies,* 103 Iowa, 392; *Bank v. Bangs,* 102 Mass. 295; *Forcheimer v. Stewart,* 65 Iowa, 596; *Baker v. Railroad Co.,* 98 Iowa, 438. Plaintiff, however, says that, after his return from Chicago, the defendant agreed to pay the difference between what he had already received and the contract price, but a careful search of the record has failed to disclose such evidence.

I. It is said that the statute of frauds was not pleaded in the court below, and cannot avail here. It was not necessary to plead it in this case. The plaintiff sued for a sale and delivery of personal property. There was a general denial, and it was necessary for the plaintiff to prove his contract of sale by competent evidence, or, in lieu thereof, to prove payment or delivery.

Instructions 1 and 2 asked by the appellant announced correct rules, and were directly applicable to the facts in this

case. We think they should have been given. We discover
no error in the rulings on the admission of testimony.

For the errors pointed out, the judgment is REVERSED.