## J. C. ALLEN v. MIKE ELMORE, Appellant.

**Sale of Hay: PASSING OF TITLE: ASCERTAINMENT OF QUANTITY.** Defendant purchased of plaintiff at a public sale a quantity of hay in the mow, paying a portion of the price, with credit for the balance. It was agreed that the hay might remain for a time and its quantity be determined as taken away by weight. Before the removal of any portion the same was accidentally destroyed by fire. In an action by the seller for the price, *held* that as the only question was the amount due and there was competent evidence of the quantity, that title passed to. the purchaser at the time of the sale, although the quantity was not determined by weight at the time of its destruction.

| | |
|---|---|
| 121 | 241 |
| 129 | 580 |
| 121 | 241 |
| 142 | 591 |
| 121 | 241 |
| f144 | 738 |

*Appeal from Adams District Court.*—HON. H. M. TOWNER, Judge.

TUESDAY, OCTOBER 13, 1903.

ACTION for purchase price of a quantity of hay sold at public auction to the defendant. Trial to the court without a jury.- Judgment for plaintiff. Defendant appeals. —*Affirmed.*

*T. J. Mahoney* and *Sullivan & Sullivan* for appellant.

*Maxwell & Maxwell* for appellee.

McCLAIN, J.—At an auction sale of plaintiff's stock and farm produce certain hay in a mow was offered, with an announcement that it would be sold in five-ton lots, with the privilege to the successful bidder for any lot of taking a larger quantity at the same price, if he should see fit. Under this arrangement defendant was the successful bidder for the first lot, and announced his election to take all of the hay offered at the same price. Some question was raised as to how the quantity should be ascer

tained, and it was agreed that it mght be weighed ,as taken away, on a neighbor's scales, and, further, that the buyer might allow it to remain in plaintiff's mow until the same was needed for the storing of the next crop. The buyer paid a portion of the purchase price in cash, and by the terms of the sale he was to have time for payment of the balance. Before any of the hay was removed it was destroyed by accidental fire, without any fault on the part of plaintiff. Under these facts, the simple question was whether the title to the hay had passed, so that the defendant as purchaser became liable for the price.

The only objection made by counsel for appellant with reference to his liability is based on the fact that the quantity of hay had not been ascertained at the time of its destruction, and that weighing was still necessary to determine the purchase price to be paid. It is true that, so long as anything remains to be done between the parties to ascertain and identify the particular property which is to pass, the sale is not complete. *McClung v. Kelley*, 21 Iowa, 508; *Snyder v. Tibbals*, 32 Iowa, 447; *Welch v. Spies*, 103 Iowa, 389. But, as explained in *Welch v. Spies, supra*, which discusses the earlier Iowa cases on the subject, if the property has been identified so that the transaction relates to a specific and ascertained chattel, then the question is one of intent, and the fact that something remains to be done by the the buyer, such as weighing or measuring, for the purpose of determining the price to be paid, does not prevent the transaction being a completed sale, under which the title passes to the buyer, accompanied with the risk of the loss or destruction of the property without the seller's fault. The rule supposed to have been recognized in some of the earlier English cases, to the effect that there could be no passing of title until the purchase price had been definitely determined by weighing or measuring, when necessary, based, as it was, apparently on the idea that the action for the purchase

price must be for a specific sum, definitely ascertained, has not been generally approved by the courts in this country, and it has been held by the great weight of authority that where the payment of the purchase price is not a condition to the passing of title—that is, where credit for the price is given—the fact that weighing or measuring still remains necessary to determine the price will not indicate an intention that the title shall not pass until such acts are done; it being assumed, of course, for the purpose of applying this rule, that the specific goods are definitely ascertained and agreed upon. *Riddle v. Varnum*, 20 Pick. 280; *Crofoot v. Bennett*, 2 N. Y. 258; *Cunningham v. Ashbrook*, 20 Mo. 553; *Upson v. Holmes*, 51 Conn. 500; *Sanger v. Waterbury*, 116 N. Y. 371 (22 N. E. Rep. 404); *Adams Mining Co. v. Senter*, 26 Mich. 73; *Ober v. Carson's Executor*, 62 Mo. 209; *Haxall v. Willis*, 15 Grat. 434; *Sedgwick v. Cottingham*, 54 Iowa, 512. And, whatever may have been the earlier views of the English judges, that is now the rule in England. *Martineau v. Kitching*, L. R. 7 Q. B. 436. This is the view stated by the American text-books. See Mechem on Sales, sections 519-524; Burdick on sales, page 55.

Even if, as is stated in some cases, the question is one of intent, for the jury, we have in this case the conclusion of the trial court, entitled to the same weight as the verdict of a jury, that such was the intent, and the finding is amply supported by the evidence. It is perfectly clear from the record that the hay was allowed to remain in the plaintiff's mow for the convenience of the defendant; that the defendant had the right to take it away whenever he saw fit; that he might, under the terms of the contract, have taken it away before its destruction and before payment of the balance of the price; and that weighing to ascertain the amount to be paid was to be done by him as the hay was removed. It is true that, by the destruction of the hay before its removal and weighing, the ascertain-

ment of the quantity by weighing was rendered impractic-
able; but, the sole question being as to the amount to be
paid, the quantity must be ascertained by the best evi-
dence available, and there was evidence from which the
trial court was able to determine the quantity and fix the
amount to be paid.

The judgment of the trial court was correct, and it is
AFFIRMED.