## J. H. HARRIS v. C. L. BEEBE, Appellant.

**Sales:** PASSING OF TITLE: INTENT: INSTRUCTION. Where the court
charged, in an action for the value of potatoes sold, that plain-
tiff could not recover unless there was a completed sale, a re-
fusal to instruct that the intention of the parties covered the
question of a completed sale and the passing of title, was not pre-
judicial to the defendant.

**Same:** TRANSFER OF TITLE: WHEN COMPLETE. Where all the potatoes
in a certain bin were sold and nothing remained to complete
the transaction except a delivery and a determination of the
quantity, the finding of a completed sale and transfer of title
was authorized.

**Appeal:** MATTERS REVIEWABLE. Where an action is tried upon a cer-
tain theory the parties are bound thereby on appeal.

*Appeal from Harrison District Court.*—HON. N. W.
MACY, Judge.

WEDNESDAY, DECEMBER 15, 1909.

SUIT to recover the value of potatoes alleged to have
been sold to the defendant and frozen in a bin before de-

livery. There was a' trial to a jury and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*C. W. Kellogg,* for appellant.

*C. A. Bolter,* for appellee.

SHERWIN, J.—The plaintiff and his son-in-law, one Willard, made an oral contract with the defendant, through his agent, whereby the plaintiff sold to said defendant three certain lots of potatoes which had then been dug. Two lots were on the farm occupied by Willard, and those potatoes belonged to Willard; and one lot, belonging to the plaintiff herein, was in an outside cellar or bin near his own dwelling house. The defendant's agent inspected all of the potatoes and contracted therefor at a specified price; the potatoes to be delivered to the defendant in cars at a nearby station or switch, and before delivery the dirt was to be screened therefrom. A payment was made on the purchase price. Pursuant to this agreement, the plaintiff and his son-in-law delivered all of the potatoes that the son-in-law had sold to the defendant and about a, carload of potatoes sold by the plaintiff and in the outside bin or cellar of which we have spoken.

The plaintiff claims that no delivery thereof was made because of the failure of the defendant to furnish the necessary cars for loading them, while the defendant claims in his answer, and offered some testimony in support thereof on the trial, that the reason why the potatoes were not shipped before the freezing weather came on was because of the plaintiff's failure to haul same. The trial court instructed, in effect, that the plaintiff could not recover unless he satisfied the jury by a preponderance of the evidence that there was a sale of the potatoes in question. The jury was further told that, if a reservation was made of any of the potatoes in the outside bin at the time the con-

tract was made, there was no sale, and that the plaintiff. could not recover. This latter instruction was given because there was some testimony before the jury tending to show, or from which the inference might be drawn, that, in making the sale of the potatoes in this particular bin, the plaintiff had reserved an indefinite amount thereof for seed; but the weight of the testimony showed, and the jury was fully justified in so finding, that no such reservation was made by the plaintiff, and that his seed potatoes, of which he did speak at the time the contract was made, were then in the cellar under his house, and not in the outside bin in question.

The defendant asked several instructions which were refused, and complaint is now made because they were not given as requested. The propositions embodied in the requests made by the defendant were substantially given in the court's own instructions, and hence there was no error in the ruling of the court.

Complaint is also made because the trial court did not instruct the jury that the question of the intent of the parties would govern their finding as to whether or not there was a completed sale and passing of title to the potatoes. It is true the court did not specifically so instruct; but its instruction that there could be no finding for the plaintiff unless there was a completed sale was more favorable to the defendant than would have been the instruction asked. Hence there was no prejudice in not giving such an instruction.

1. SALES: passing of title: intent: instruction.

The record clearly shows that the potatoes were at the time of the sale in the bin, that they were inspected by the defendant's agent, and that nothing was necessary to complete the transaction but the delivery of the potatoes on the track and the ascertainment of the quantity contained in the bin in question. All of the potatoes in that bin were sold to the de-

2. SALES: transfer of title: when complete.

fendant. The case therefore falls within the rule of *Welch v. Spies,* 103 Iowa, 389, and *Allen v. Elmore,* 121 Iowa, 241, and the jury was fully warranted in finding that there was in fact a completed sale of the potatoes at the time in question.

The plaintiff seems to have drawn his petition on the theory that the defendant would also be liable, even if there was no completed sale, on the ground of negligence in failing to furnish cars so that the plaintiff might deliver the potatoes before the freezing weather came on. An issue was made on this question by the defendant, and the case seems to have been partially tried on that theory. The court also instructed on the question of negligence and contributory negligence thus presented by the pleadings and the evidence. Without now determining whether that was a proper issue under the circumstances, it is enough to say that, the case having been tried at least partially upon such a theory, the parties are bound thereby, and, there being evidence sufficient to warrant the jury in finding for the plaintiff thereon, it is conclusive.

3. APPEAL: matters reviewable.

What we have already said disposes of the appellant's contention that the court erred in refusing to direct a verdict for the defendant.

Complaint is also made of some of the court's rulings on the introduction of testimony; but we find nothing in the record of sufficient importance to require discussion. The errors complained of, if error at all, relate to minor matters not at all controlling in the consideration of the case, and we find no prejudicial error therein.

We think the judgment in this case should not be disturbed, and it is therefore *affirmed.*