CAPITOL HILL MONUMENT COMPANY, Appellee, v. MRS. E. C. CHADWICK, Appellant.

**SALES:** Performance of Contract—Payment on Condition. A vendor who has contracted for payment for an article *after* he has delivered and erected it at a named place may not recover the purchase price, in the absence of proof that he has complied with said conditions. (See Book of Anno., Vol. 1, Sec. 9992, Anno. 2 *et seq.*)

Headnote 1: 35 Cyc. p. 531.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

NOVEMBER 17, 1925.

ACTION upon a written contract, whereby the plaintiff agreed to erect a monument for the defendant over the grave of her husband, and whereby the defendant agreed to pay the sum of $1,100 therefor. The defense pleaded was twofold: (1) General denial; (2) fraud in obtaining the contract. No evidence was offered by the defendant in support of the affirmative de-

fense. The case was tried to the court without a jury. Judgment was entered for the plaintiff for the full amount named in the contract, less a deduction for certain specified unfinished work. The defendant appeals.—*Reversed.*

*Hughes, Taylor & O'Brien,* for appellant.

*Gillespie & Canfield,* for appellee.

EVANS, J.—The written contract sued on is set forth as an exhibit to the petition. The material part thereof, for the purpose of this suit, is as follows:

"CAPITOL HILL MONUMENT COMPANY
100-102-104 E. Locust St., Des Moines, Iowa.

W.

"Please deliver and erect for me in the Laurel Hill Cemetery at Des Moines, during Summer, 1923, or as soon thereafter as possible, one Monument & Mkr. Design No. Schmidt, Material Bane, Tracing, same, both sides. Masons Emblem, 33d degree. Raised on top 3-8, raised on front 3-8, of the following sizes and description:

"Inscription on back BURKHEIMER, on front, CHADWICK. To be inspected at factory before lettering.

"I promise to pay said CAPITOL HILL MONUMENT Co., or order at its office in Des Moines, Iowa, on the delivery of the above said work, *on the lot,* the sum of Eleven Hundred and no-100 Dollars."

It is not clear from the record whether the action is for the enforcement of the contract or for damages for the breach of it. It was averred in the petition that the plaintiff was damaged to the full amount agreed to be paid, by reason of defendant's failure of performance. The prayer is for judgment for the full amount of the contract. It was averred also in the petition that, by subsequent oral agreement, the markers had been eliminated from the contract, and the price reduced to $1,000, and that the defendant agreed to make immediate payment of $500 on the contract. The failure to pay such $500 is the breach charged against the defendant. By an amendment to the petition, the plaintiff purports to rescind such oral modification

because of such failure on the part of defendant, and reasserts its claim for the full amount specified in the original contract. The breach charged in this amendment is that "defendant has failed, neglected, and refused to accept said monument or to make any payment therefor."

The judgment entered purports in terms to be "for the purchase price of the monument and two markers," and is for $1,100, "less the cost of completing the inscription and scroll work on said monument and markers in the sum of $97." This apparent variance between pleading and judgment is a matter of form, and not very material for the purpose of this appeal. To avoid confusion in the discussion, however, we shall treat the action as one for the enforcement of the written contract set out in the petition. We find no evidence in the record of any breach on the part of the defendant, unless her failure to make advance payment of $500 be such breach. The ·written contract makes no such requirement of her. On the contrary, the plaintiff agreed to "deliver and erect" the monument and markers, duly inscribed, "in the Laurel Hill Cemetery." The undertaking of the defendant was to pay the sum of $1,100 "on the delivery of the above said work on the lot." Neither monument nor marker has ever been erected or delivered at the cemetery. They are still in the stock and store of the plaintiff, and are unfinished. The plaintiff is now more than two years in default in its undertaking. To demand payment from the defendant as a condition to further proceeding with the work was itself a breach of the contract on the part of the plaintiff. It is suggested in the brief of appellee that, when the defendant has paid the judgment, the plaintiff will complete the job. This is a timid admission of obligation. If the plaintiff is under obligation to complete the job, it is an obligation long past due, and is and was a condition precedent to its right to recover its judgment.

We deem it clear that the plaintiff has wholly failed to prove performance of the contract on its part, and that its action should, accordingly, have been dismissed.

The judgment of the court below is, accordingly,—*Reversed.*

FAVILLE, C. J., and ALBERT and MORLING, JJ., concur.