A. R. GIBSON, Appellee, v. ALLEN MILLER, Appellant.

No. 41663.

February 7, 1933.

Calhoun & Calhoun and Bence & Fimmen, for appellant.

T. A. Goodson and C. H. Elgin, for appellee.

ALBERT, J.—On the 9th day of December, 1924, the defendant signed a written order authorizing plaintiff to furnish a monu-

ment of a certain kind or description for the grave of defendant's wife. One of the provisions of the contract was: "This order subject to the approval of the main office."

The first error assigned is that the court erred in overruling defendant's motion for a directed verdict at the close of defendant's testimony, for the reason that the order was never accepted according to its terms.

The second error involves the same question, and was raised by a refusal to give a requested instruction. It was again raised by objections to instructions given by the court in relation to this matter.

In relation to the same matter, it was insisted that, by reason of a provision in the contract reading "all agreements not contained herein are void," an acceptance of or approval of the contract must be in writing.

The real point involved in all of these errors is that, first, the approval or acceptance of an order of this kind must be in writing. This order does not so provide, and under such circumstances, it need not be in writing. See authorities hereinafter cited.

Second, it is insisted that, if this first position be not true, the defendant was never notified of the approval or acceptance of this order by the company. Under the record in this case, the monument was to be made of Barre granite, and certain other parts of statuary of Italian marble.

It is a well established rule that acceptance of an offer to buy or sell goods may be implied from the performance of acts induced by the offerer. We had occasion to review this question the first time in the case of McCormick Harvesting Mach. Co. v. Richardson, 89 Iowa 525, where authorities are quite extensively reviewed. We there said:

"In the light of these elementary principles and of the cases cited it seems clear that the writing in question does not constitute a contract in the absence of its acceptance or of any action under it by the party whose duty it is to accept. * * * We do not say that the acceptance must be a formal one. The acceptance might be shown by proving an act done on the faith of the order, such as a shipment of the goods ordered. But without an acceptance it is clear that the proposition is subject to be withdrawn by the proposer."

This rule has been recognized and followed in Coad v. Rogers, 115 Iowa 478; Pierce v. Wilke, 165 Iowa 386; Hankins v. Young, 174 Iowa 383; Port Huron Mach. Co. v. Wohlers, 207 Iowa 826; 55 C. J. 94, Section 58; and 55 C. J. 107, Section 66.

The evidence in the case shows that, immediately upon receipt of this order, plaintiff ordered granite from Vermont and a marble statue from Italy. With this showing in the case, the jury might have found that, on receipt of the order, the plaintiff acted promptly thereon, and when he received the various materials to construct this monument, he notified the defendant, who appeared and inspected the same, and said they were satisfactory. This is a sufficient acceptance of the contract to take the question to the jury; hence defendant is entitled to nothing on these errors.

■ The defendant further insists that Instruction No. 5, requested by him and refused by the court, was a proper instruction. In this instruction it is said:

"If you find that the offer was never accepted, and no delivery has been made, then your verdict should be for the defendant."

It will be noted that the acceptance and the delivery were joined in this instruction. The evidence shows that there was no delivery of the monument, but the jury might find from the evidence that delivery was not made because of the refusal on the part of the defendant to allow the monument to be erected on his cemetery lot. The instruction requested was therefore bad.

■ It is next insisted that requested Instruction No. 6 should have been given. To a full understanding of this instruction it might be said that the contract provided that a certain part of the monument was to be "axed." Plaintiff brought suit, and the defense was that the monument was not in compliance with the contract because the same was not "axed." Thereupon plaintiff dismissed his case, axed the monument as required by the contract, again tendered delivery, which was refused, and this suit was commenced. The jury might have found from the evidence that, when the defendant and his daughter inspected the monument in November following this date, and saw that the same was polished, and not axed, they requested that it be axed, and by so doing, defendant waived this part of the contract; hence the court was justified in refusing said instruction.

■ Defendant further insisted that the order was void because it was changed materially by adding a drawing on the reverse side

which purported to have been the drawing submitted at the time of the signing of the order.

It appears that, prior to the making of this contract, plaintiff and defendant had an interview, and a drawing was made of the proposed monument on a separate sheet of paper. Later, this order was made, and there is a dispute in the testimony as to whether the drawing offered in evidence is the drawing on which the order was made.

In Instructions 15 and 16 the court was requested to submit to the jury the question of whether the exhibit introduced in evidence was the identical drawing which was submitted to the defendant at the time he signed the order, and the defendant insisted that this drawing or exhibit was another and different drawing or design from that on which the order was based. These instructions asked the court to submit this question to the jury. So long as the evidence in relation to this matter was in dispute, it was a jury question. The drawing was by reference made a part of the order, and in view of this dispute, we think this issue should have been submitted to the jury and the court erred in not so doing. Steele v. Crabtree, 130 Iowa 313; McLaughlin-Gormley-King Co. v. Hauser, 200 Iowa 210; Schulte v. Ideal Food Products Co., 208 Iowa 767.

■ Exceptions were taken to Instruction No. 4 given by the court. It reads as follows:

"It is admitted in the pleadings and shown by the evidence without conflict that the instrument before you and known in the evidence as Exhibit P-1 was duly signed and executed by the plaintiff, through his agent, Paul Rhodes, and the defendant."

This instruction was wrong in that the order on its face shows that Paul Rhodes, the agent who took the order for the plaintiff, had no authority whatever to execute the contract in behalf of the plaintiff; that the contract shows that the same was to be approved or accepted by the plaintiff before a contract came into existence.

■ Exception was also made to Instructions Nos. 8 and 15, which submitted the question of substantial compliance with the contract. We disposed of this question in Stratmeyer v. Hoyt, 189 Iowa 85.

■ Defendant insists that the case was prematurely brought because the order provided that one half of the purchase price was to be due on delivery and the balance within six months from the

date of delivery, and he relied upon Capitol Hill Monument Co. v. Chadwick, 200 Iowa 916. In that case neither the monument nor the marker had ever been erected or delivered at the cemetery, but were still in the stock or store of the plaintiff, and still unfinished. In the case at bar, the monument was finished and tendered to the defendant, and he refused the same in November, 1924, and this action was commenced on February 12, 1928. There is therefore nothing in the contention of the defendant on this point.

It appears that during the trial of the case the plaintiff was permitted to bring the monument and the statuary to the courtyard, and while there the court permitted the jury, in charge of the bailiff of the court, without the attorneys or any other persons present, to view the same. The court gave the proper instructions to the jury in relation to this matter, and we can see no error in its action in this respect.

Some other minor objections are raised, but, as they are not liable to arise on a retrial of the case, we give them no attention.

For the errors pointed out, the case is—Reversed.

KINDIG, C. J., and EVANS, STEVENS, UTTERBACK, DONEGAN, and KINTZINGER, JJ., concur.