ACTINO LABORATORIES, INC., Appellant, v. RAYMOND R. LAMB, Appellee.

No. 44053.

MARCH 8, 1938.

Brown & Brown, for appellant.

Guy A. Miller and John Eldred Don Carlos, for appellee.

KINTZINGER, J.—It is conceded by the record that plaintiff is a foreign stock corporation, organized under the laws of the State of Illinois, with its principal place of business in Chicago.

It is also conceded that the plaintiff corporation had not secured a permit authorizing it to do business in the State of Iowa as required by section 8427 of the Code of 1935, which provides that:

"No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract it shall have procured such permit."

It is also conceded by the record that one Dr. Carl Loeb was the president and sales manager of plaintiff corporation. It is also shown by the record that plaintiff, at the time the transaction took place, was engaged in the sale of certain electrical machines used in the treatment of physical ailments. It is also shown by the record that in March, 1935, Dr. Loeb, the president of the plaintiff corporation, held classes in a clinic in Des Moines for the purpose of demonstrating said machines in Iowa. The demonstrations of the plaintiff's electrical appliances conducted by Dr. Loeb, in the city of Des Moines during the month of March, and the lectures delivered by him in connection therewith, were carried on for the purpose of introducing and selling the company's electrical appliances in the state of Iowa; and this work, together with the sales of such electrical appliances by Dr. Loeb in the state of Iowa, was all a part of the business conducted by said company in the state of Iowa through its president.

As a result of such demonstrations and lectures delivered by Dr. Loeb in the Des Moines clinic, he, on March 30, 1935, sold to the defendant at Des Moines, Iowa, under a conditional sales contract, a machine similar to one being displayed in Des Moines during the month of March, 1935, and by which demonstrations on patients were made at the clinic. The contract entered into was in the form of an order for a machine, as follows:

Exhibit A.

"$500.50                                                    March 30, 1935.
"Actino Laboratories, 190 N. State St., Chicago, Ill.

"Please ship to the undersigned articles as listed on opposite side, for which the undersigned promises to pay you, or order the sum of Five Hundred & 50/100 Dollars, in lawful money of the United States, being the price of said goods, F. O. B. cars Chicago, Ill., upon the following terms and conditions: $175.00 cash with this order, $125.00—$50.00 allowance on Cold Quartz. $325.00 in 16 monthly installments of $20.30 each, due and payable on the twentieth day of each succeeding month after receipt of goods.

"It is agreed that title to said goods shall not pass to undersigned until the price thereof or any judgment for all or part of the same is paid in full, and that until such payment said goods shall remain your property. If there be default at any time in any payment the full amount unpaid hereon shall become due and payable forthwith. In default of any payment said property may be repossessed and removed by you, and for that purpose either you or any person by your order may take possession of and remove said goods without legal process, and in such case all payments made shall be retained by you as and for the rent thereof.

"The loss, injury or destruction of said property, or any notes given and any renewals or extensions thereof, shall not operate in any manner to release undersigned from payment as provided herein. Until fully paid for, said goods shall not be removed, mortgaged or otherwise encumbered, nor possession thereof transferred without your written consent first obtained.

"It is agreed that this order shall not be subject to countermand or rescission by the undersigned; that it covers all agreements between the parties hereto relative to this transaction, and that you shall not be bound by any representations or promises made by an agent relative to this transaction which is not embodied herein.

"Transportation charges from Chicago destination are to be paid by the undersigned.

| Sign Here | Dr. R. R. Lamb. | Address: | Equitable Bldg. |
| Town | Des Moines. | County | . . . . . . . . . . . . |
| State | Iowa. | Witness | Dr. Carl Loeb. |

Back of Exhibit A.

"ACTINO LABORATORIES.

"190 North State Street, Chicago, Illinois.

"Ship to Dr. R. R. Lamb

Address: Equitable Bldg.

Town Des Moines.     State Iowa.

Catalog or

| Special List No. | Quantity | Articles | Price |
|---|---|---|---|
| | 1 | Ultra Oscillotherm | |
| | | (Loeb) Power Type...$455.00 | |
| | | Finance charges ....... 45.50 | |

$500.50

"Finance charges are deductible for cash within sixteen days from date of sale.   Carl Loeb."

At the time this order was executed, the defendant paid Dr. Loeb, the president of the plaintiff corporation, in Des Moines, Iowa, the sum of $125 in cash, delivered a certain lamp to said Dr. Loeb in Des Moines, receiving a credit of $50 therefor, and executed and delivered to said Dr. Loeb, the president of the plaintiff corporation, his sixteen promissory notes in the sum of $20.30 each in payment of the balance due on the contract.   Pursuant to this order a machine was delivered to defendant in Des Moines by the president of the corporation shortly after the delivery of these notes.

There was evidence in this case tending to show that the plaintiff corporation, through its president, Dr. Loeb, also sold at least three other appliances or machines in the state of Iowa at or about the same time.

The order for the sale of the machine in question expressly provides that *it was not subject to countermand or rescission.* The order contained no limitation that it was subject to acceptance or approval by the company in Chicago, nor was any testimony offered tending to show any such understanding.   On the contrary, all of the evidence points to but one conclusion, and that is that the contract of sale was executed and accepted by the president of the plaintiff company and the machine delivered in the city of Des Moines, Iowa, by Dr. Loeb.   The evidence shows that plaintiff was doing business in the state of Iowa, and the facts in this case bring it squarely within the prohibition of our statute.

The lower court found in its decree that:

"The plaintiff is a foreign stock corporation doing business in the State of Iowa, and that this action is brought on a con-

tract made by said corporation in the State of Iowa, and that said corporation had not, prior to the making of the contract, procured a permit to do business within the State of Iowa, as provided by law, and had not secured said permit at the time of the submission of said cause. The court therefore finds that the plaintiff cannot maintain said action.''

█ █ █ Without setting out the evidence in further detail, it is sufficient to say that we have given careful consideration to all the evidence, and it is our conclusion from such evidence that the plaintiff was doing business in the state of Iowa without a permit as required by statute.

Our conclusion in this case is supported by the following authorities: Kalbach v. Service Station Equipment Co., 207 Iowa 1077, 224 N. W. 73; Hankins v. Young, 174 Iowa 383, 156 N. W. 380; Gibson v. Miller, 215 Iowa 631, 246 N. W. 606; International Harvester Co. v. Commonwealth of Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479; 55 C. J. 90.

The contract in this case was not made by an ordinary soliciting agent, subject to the approval of the company in another state. On the contrary, it was entered into between the company through its president, who was present in the state of Iowa at the time; the defendant paid the amount due upon this contract to the president himself when it was executed. The notes sued on herein were executed in the city of Des Moines, Iowa, and the contract was not subject to rescission. A machine purporting to be the one purchased by the defendant was delivered to the defendant by the president of the plaintiff company in the city of Des Moines, Iowa.

In International Harvester Co. v. Commonwealth of Kentucky, 234 U. S. 579, 34 S. Ct. 944, 945, 58 L. Ed. 1479, l. c. 1481, 1482, the court said:

''When a corporation of one state goes into another, in order to be regarded as within the latter, it must be there by its agents authorized to transact its business in that state. * * * Each case must depend upon its own facts, and their consideration must show that this essential requirement of jurisdiction has been complied with, and that the corporation is actually doing business within the state. * * * Here was a continuous course of business in the solicitation of orders which were sent to another state, and in response to which the machines of the Harvester

Company were delivered within the state of Kentucky. This was a course of business, not a single transaction. The agents not only solicited such orders in Kentucky, but might there receive payment in money, checks, or drafts. They might take notes of customers, which notes were made payable, and doubtless were collected, at any bank in Kentucky. This course of conduct of authorized agents within the state in our judgment constituted a doing of business there in such wise that the Harvester Company might be fairly said to have been there, doing business, and amenable to the process of the courts of the state.''

The machine ordered in this case was paid for by delivering the notes sued on to Dr. Loeb, the president of the company, at Des Moines, Iowa, in person, at the time he sold it, and he accepted the notes on behalf of the plaintiff company when the the machine was sold. The payment of part of the purchase price in cash and credit, and the delivery of notes for the balance to the president of the company in Des Moines, amounted to an acceptance of the contract in Des Moines.

■■■ The machine sold to the defendant was, in fact, shipped to Dr. Loeb, the president of the company, at Des Moines, who himself, in Des Moines, made the delivery to the defendant. It appears from the record that the interstate character of the shipment of this machine had ceased by the delivery to the company's president at Des Moines before the same was delivered to the defendant. Therefore, no discussion of the interstate character of the shipment is necessary.

Other questions are presented as grounds for reversal, but as the case cannot be prosecuted for want of authority to sue in this state, a consideration thereof is deemed unnecessary.

For the reasons hereinabove expressed, it is our conclusion that under the evidence in this case, the finding of the lower court was right and its judgment is therefore hereby affirmed.— Affirmed.

STIGER, C. J., and ANDERSON, DONEGAN, HAMILTON, RICH-ARDS, SAGER, and MILLER, JJ., concur.