RUDY-PATRICK SEED COMPANY, Appellant, v. ED ROSEMAN, Appellee.

No. 46195.

MARCH 7, 1944.

Kenneth H. Davenport, of Creston, and J. W. McKnight, of Albany, Missouri, for appellant.

Thos. E. Mullin, of Creston, for appellee.

HALE, J.—Plaintiff, Rudy-Patrick Seed Company, of Kansas City, is a Missouri corporation engaged in processing seed for sale throughout the United States and foreign countries. It is not licensed to do business in the state of Iowa. Defendant resides at Lorimor, Iowa, and is engaged in the business of buying and selling grain products, feed, and seed. Plaintiff, through its agent, E. B. Mangelsdorf, buys seed in Iowa and the seed is shipped to Kansas City and thence to various parts of the country and foreign countries. Before this action was commenced plaintiff had employed Charles and Homer Berry to purchase fields of seed and had furnished them money with which to do so, as well as instruments known as strippers to use in gathering grass seed.

On or about June 24, 1941, plaintiff and defendant entered into a contract, Exhibit A, which, in substance, omitting parts crossed out in the original, is as follows:

"No. 790

Purchase Contract

Date June 24, 1941

In consideration of $1.00 and other valuable presents to me this date in hand paid and receipt   I,   acknowledged, We, Ed Roseman Town Lorimor State Ia have this day sold to Rudy-Patrick Seed Company, Kansas City, Missouri, the following seed: about .

3500 (bushels)   of Rough Ky Bluegrass

On basis quality (as inspected sample marked ER)

at $ 82½ per (bushel)

Seed to be delivered on or after July 15, 1941 in dry, sound, merchantable condition

F. O. B. Lorimor, Ia Agent E. B. Mangelsdorf Sacks ours Dirt sweepings to be held back not del. to buyer
Seller Ed Roseman

Buyer: Rudy-Patrick Seed Company
Form 503 50 Books 11-39         by E. B. Mangelsdorf"

The bluegrass seed referred to was in defendant's yard at Lorimor, and the quantity had been estimated but not definitely determined. The said seed not having been delivered on July 15, 1941, on July 19, 1941, plaintiff filed in the district court of Union County, Iowa, a petition in replevin. The writ was issued and the sheriff took possession of the property, together with about 3,000 pounds of sweepings from the curing yard, all of which was shipped to plaintiff at Kansas City.

Later, on April 11, 1942, plaintiff filed an amended and substituted petition, setting out the above contract and alleging its corporate capacity under the laws of Missouri; that it was engaged in interstate commerce and was buying Kentucky bluegrass in the rough for shipment to its plant in Kansas City, where such seed was cleaned, processed, sold, and reshipped in interstate commerce; that it was entitled to right of possession of the seed described in the contract, which it alleged it had purchased from defendant in the rough to be delivered aboard cars for shipment to Kansas City. The actual value was alleged to be $3,500 and the petition stated that possession was wrongfully detained. There was the usual allegation that the property was not taken on the order or judgment of a court nor under execution or attachment against the same, and a writ of replevin was asked. The amended and substituted petition did not allege, as in the original petition, that plaintiff was authorized to transact business in the state of Iowa.

The defenses set out in the answer were a general denial, alleged failure of plaintiff to demand possession of the property replevined, and to tender the purchase price, and that plaintiff caused the writ of replevin to issue at a time when defendant had a right to possession of the property under the contract. Defendant further alleged the wrongful taking possession of the dirt sweepings, and that plaintiff wrongfully took possession of the property described in the petition at a time when defendant

was not ready nor bound to deliver for the reason that defendant was given no opportunity to condition the bluegrass in order that it might be delivered according to specifications or in a manner presented in said contract.

In reply plaintiff denied generally the allegations of the answer but expressly admitted that the 3,000 pounds of dirt sweepings were taken by the sheriff and offered to return the same to defendant. Trial was had to a jury and at the close of plaintiff's testimony defendant filed a motion for a directed verdict, alleging as grounds: (1) That plaintiff had failed to establish that he was entitled to the possession of the property on July 19, 1941 (2) that there was no tender and (3) that plaintiff was not licensed as a foreign corporation to do business in the state of Iowa. This motion was sustained by the court generally. Verdict was returned under the direction of the court finding that at the date of the commencement of the action defendant was the owner and entitled to possession of the property taken under the writ and fixing the value of 3,607 bushels rough Kentucky bluegrass at $3,065.95 on April 15, 1942, and that defendant was entitled to damages for the wrongful taking of the seed in the sum of $396.70, being the decrease in market value between July 19, 1941, and April 15, 1942. The court further found that 214 bushels of bluegrass dirt sweepings were taken under the writ and fixed the value of the same at $104.86. Judgment was entered accordingly. Motion for new trial taking exceptions to the findings and directed judgment was overruled.

The first ground of the motion for directed verdict to which plaintiff takes exception is:

"That the plaintiff has failed to establish by sufficient and competent evidence that he was entitled to the possession of said property on, to-wit: July 19, 1941, at the time the same was seized under the writ of replevin."

Plaintiff claims that under the contract title passed to it at the time the action was brought, citing section 9947 (1), Code of 1939, as follows:

"Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such

time as the parties to the contract intend it to be transferred."

Also section 9948, Rule 1, Code of 1939:

"Where there is an unconditional contract to sell specific goods in a deliverable state the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed."

Plaintiff argues that where the goods sold had been inspected by the plaintiff and nothing is necessary to complete the transaction except delivery of the goods and ascertainment of the quantity of the same, the jury is warranted in finding there is a completed sale. In support of this contention is cited Harris v. Beebe, 144 Iowa 735, 123 N. W. 938, which sustains a jury finding that under the evidence a sale was made at the time of contract, where there was an oral contract with payment made on the purchase price and all that remained was delivery. It was decided under the rule of Welch v. Spies, 103 Iowa 389, 72 N. W. 548, and Allen v. Elmore, 121 Iowa 241, 96 N. W. 769. The Welch case also involved an oral contract on which part of the purchase price was paid but delivery was denied. The case itself states that the evidence tends strongly to show that the parties intended to transfer title. At the time the money was paid defendant said to plaintiff [at page 391 of 103 Iowa, page 549 of 72 N. W.], "The money is yours, and the corn is mine," to which plaintiff assented. In Allen v. Elmore, supra, a part of the consideration was paid, with credit for the balance. Nothing was left to be done therein but the weighing. While Moats v. Strange Bros. Hide Co., 185 Iowa 356, 170 N. W. 456, holds that a contract of sale may be complete, and therefore pass title, while delivery and payment are postponed, yet, whether title does so pass is, in its last analysis, a question of intent, and in determining this intent the conduct of the parties may furnish light. In that case also the question of intent was submitted to the jury and under the evidence in the case this court held that there was sufficient evidence to authorize the finding of the jury that the title passed at the time of the contract. In all the cases cited there was submitted to the jury the question of intent—a controlling factor under the statute and all the authorities.

The contract herein evidences the intent of the parties. It recites "have this day sold," but such words are not conclusive. They are frequently used in contracts which are executory sales rather than completed sales. Blackwood v. Cutting Packing Co., 76 Cal. 212, 18 P. 248, 9 Am. St. Rep. 199; Katz v. People's Finance & Thrift Co., 101 Cal. App. 552, 281 P. 1097; O. A. Olin Co. v. Lambach, 35 Idaho 767, 209 P. 277, 44 A. L. R. 354; Russell v. Nicoll, 3 Wend. (N. Y.) 112, 20 Am. Dec. 670. Here the contract indicates the price, the date, and place of delivery. This was to be f. o. b. Lorimor, a provision which does not appear in any of the contracts or agreements involved in the cases cited. The initials f. o. b. are generally construed as an intention that the price is to be paid when the property is delivered to the carrier.

"Where the contract of sale provides for a sale f. o. b. the point of shipment, the title is generally held to pass, in the absence of a contrary intention between the parties, at the time of the delivery of the goods for shipment at the point designated. * * * But while there is some authority of a contrary nature, the view is generally taken that whether the contract provides for a sale f. o. b. the cars or vessel at the point of shipment or simply f. o. b. the point of shipment, title does not pass until the goods are actually delivered on board the designated means of transportation." 46 Am. Jur. 608, section 442. There are numerous cases cited therein.

See annotation in 101 A. L. R. 292, to the case of Commonwealth v. Wiloil Corp., 316 Pa. 33, 173 A. 404, 101 A. L. R. 287, where it is stated editorially that while the time when title passes is primarily one of intention of the parties, yet, where the parties do not stipulate in this respect, we must necessarily seek to arrive at the intention of the parties as evidenced by the circumstances and the otherwise indefinite expressions of intention, which, of course, must give way when the intention otherwise appears. The rule, as stated therein, is that where the contract provides for a sale f. o. b. the point of shipment, the title is generally held to pass, in the absence of a contrary intention between the parties, at the time of delivery of the goods for shipment at the point designated. In support of this rule many

cases are cited and reference thereto is hereby made. The question of the effect of a provision for delivery f. o. b. has never been determined in Iowa, but the above is the rule in practically all the states.

The interpretation by the courts of contracts worded as the one herein brings this contract within the provision of Rule 5 of the rules for ascertaining intention given in section 9947 of the Code of 1939:

"If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

The contract itself provides for the delivery contemplated by this rule.

In addition we have the provisions of section 9971, Code of 1939:

"Unless otherwise agreed, delivery of the goods and payment of the price are concurrent conditions; that is to say, the seller must be ready and willing to give possession of the goods to the buyer in exchange for the price and the buyer must be ready and willing to pay the price in exchange for possession of the goods."

Under the contract herein and the foregoing statute, neither of the above conditions need be complied with until the date specified in the contract; that is, at that time the seller must be ready to give possession and the buyer ready to pay. The seller, to comply with the contract, must deliver the goods free on board. The buyer, on his part, must concurrently pay the price. It seems apparent that in this case the contract was not a completed contract—not executed, but merely executory—and would so remain until all the conditions of the contract are complied with. Even in the absence of statute, the presumption would be that payment was to be cash on delivery. Rogers v. French, 122 Iowa 18, 96 N. W. 767; Rice v. Appel, 111 Iowa 454, 82 N. W. 1001; and Crescent Chevrolet Co. v. Lewis, 230 Iowa 1074, 1077, 300 N. W. 260, 262. In the latter case it is stated:

" * * * upon a sale of personalty for cash, payment is a condition of the passing of title, and when the buyer gives a check or draft for the purchase price and it is accepted by the seller as the means of payment, it constitutes only a conditional payment and as between the parties, payment does not become absolute and title does not pass until the paper is paid."

The whole question resolves itself into one of intent, which may be either a question for the jury or for the court, depending upon the circumstances. Where there is a dispute as to the terms and the material circumstances of the agreement it becomes a question for the jury. Where there is no conflict in the evidence and the terms of the agreement are admitted the intent becomes a question of law. Sempel v. Northern Hardwood Lumber Co., 142 Iowa 586, 121 N. W. 23. There is here no dispute regarding the facts or the terms of the contract. We hold that in the contract in this case, where the purchase price is not paid, and where the time and place of delivery are specified, and such delivery is to be f. o. b., the title does not pass until such actual delivery is made. We are satisfied that the contract evidences no intent of transfer of title until the actual time of delivery, which under the statute is to be concurrent with payment, and that the court was correct in sustaining the motion for directed verdict on the first ground thereof, and that an action for writ of replevin did not lie.

II. Our holding under Division I renders it unnecessary to consider the second ground of the motion for directed verdict, in relation to failure of plaintiff to tender the purchase price. As a matter of fact, plaintiff did not make any tender, either up to the time of delivery or thereafter. It is not necessary for the determination of this case to consider here the question of tender.

III. The court in its opinion intimated that plaintiff, a foreign corporation without a permit to do business in Iowa, could not maintain this suit, but did not base its decision upon this question alone. We are satisfied, however, that under the decisions plaintiff would not be barred by sections 8420 and 8427 of the Code of 1939.

The rule provided in Dahnke-Walker Milling Co. v. Bondurant, 257 U. S. 282, 42 S. Ct. 106, 66 L. Ed. 239, a case very similar in facts to the case at bar, that a corporation of one state may go into another without obtaining the leave or license of that other for all the legitimate purposes of interstate commerce, has been consistently followed by the Supreme Court of the United States in other cases. That case holds, as do many others, that so far as the application to interstate commerce is concerned, such a statute would be invalid and unconstitutional; it would not be invalid as to intrastate commerce. See Lemke v. Farmers Grain Co., 258 U. S. 50, 42 S. Ct. 244, 66 L. Ed. 458, and Shafer v. Farmers Grain Co., 268 U. S. 189, 45 S. Ct. 481, 69 L. Ed. 909, where the court holds that the buying of grain for shipment interstate cannot be fettered by state conditions. See, also, Stafford v. Wallace, 258 U. S. 495, 42 S. Ct. 397, 66 L. Ed. 735, 23 A. L. R. 229; Flanagan v. Federal Coal Co., 267 U. S. 222, 45 S. Ct. 233, 69 L. Ed. 583; Foster-Fountain Packing Co. v. Haydel, 278 U. S. 1, 49 S. Ct. 1, 73 L. Ed. 147; and State of Minnesota v. Blasius, 290 U. S. 1, 54 S. Ct. 34, 78 L. Ed. 131.

The cases cited by defendant, Actino Laboratories v. Lamb, 224 Iowa 573, 278 N. W. 234; Johnson Service Co. v. Hamilton, 225 Iowa 551, 281 N. W. 127; and Peacock Coal Co. v. Gaines Coal Co., 206 Iowa 1228, 219 N. W. 24, are not in conflict with the holding set out above as the transactions in these cases were intrastate in character.

IV. We hold that under the facts in this case an action of replevin cannot be maintained. The court was correct in sustaining the motion for directed verdict. The only evidence as to value was offered by the plaintiff. The amount allowed by the court was slightly less than the evidence indicated. Defendant, however, has not appealed, and the judgment will stand as fixed by the court.

The cause is therefore affirmed.—Affirmed.

All JUSTICES concur.